1  Mathew K. Higbee, Esq., SBN 241380
   Ryan E. Carreon, Esq., SBN 311668
2  **HIGBEE & ASSOCIATES**
   1504 Brookhollow Dr., Suite 112
3  Santa Ana, CA 92705
   (714) 617-8336
4  (714) 597-6559 facsimile
   Email: mhigbee@higbeeassociates.com
5
   *Attorney for Plaintiff,*
6  MICHAEL GRECCO PRODUCTIONS, INC.,

7
                **UNITED STATES DISTRICT COURT**
8                **CENTRAL DISTRICT OF CALIFORNIA**

9  | MICHAEL GRECCO PRODUCTIONS, | Case No. 2:19-cv-04716-AB-KS |
   | INC. d/b/a MICHAEL GRECCO | |
10 | PHOTOGRAPHY, INC., | *Hon. Andre Birotte Jr.* |
   | | |
11 | Plaintiff, | **PLAINTIFF MICHAEL GRECCO** |
   | | **PRODUCTION INC.'S OPPOSITION** |
12 | v. | **TO DEFENDANT'S MOTION TO** |
   | | **DISMISS THE FIRST AMENDED** |
13 | BDG MEDIA, INC.; and DOES 1 | **COMPLAINT** |
   | through 10 inclusive, | |
14 | | |
   | Defendant. | |
15

16

17

18

19

20

21

22

23

24

25

26

27

28

---
Opposition to Motion to Dismiss
1

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. DEFENDANT PREJUDICED MGP BY FAILING TO COMPLY WITH THE MEET AND CONFER REQUIREMENT OF LOCAL RULE 7-3 ............. 1

III. THE NEW FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT RELATE BACK TO THE ORIGINAL FILING DATE ......................................... 3

    A. The Court's Order Does Not Preclude MGP From Adding New Facts Into The First Amended Complaint ...................................................... 4

    B. Under FRCP 15(c)(1)(B) The New Factual Allegations Relate Back To The Date Of The Filing Of The Original Complaint ........................... 5

    C. MGP Disagrees With The False Assertion That The Hallway Photo Was "Unpublished" When The Infringement Occurred ........................... 7

IV. THE NEW FACTS ALLEGED ARE SUFFICIENT TO INVOKE THE DISCOVERY RULE AND EQUITABLE TOLL MGP'S CLAIM ...................... 7

V. THE NEW FACTS ALLEGED ARE SUFFICIENT TO INVOKE THE DISCOVERY RULE AND EQUITABLE TOLL MGP'S CLAIM .................... 11

# TABLE OF AUTHORITIES

## CASES

*Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, 2009 U.S. Dist. LEXIS 100499 at *10, 2009 WL 3346784 at *3-4 (C.D. Cal. Oct. 13, 2009) ............................................................................................................. 2

*Brands v. First Transit Inc.*, 278 F. App'x 722, 724-725 (9th Cir. 2008) ................. 4

*Carpiaux v. City of Emeryville*, No. 06 Civ. 3493 (CW), 2007 WL 1880313, at *2-3 (N.D. Cal. Jun. 29, 2007) ............................................................ 4

*Gallagher v. San Diego Unified Port Dist.*, No. 08 Civ. 886 (IEG) (RBB), 2009 WL 2781553, at *10 (S.D. Cal. Aug. 31, 2009) ................................. 4

*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ....................................................... 2

*Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) ....................................................... 8

*Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000) ....................... 8

*Opthalmic Imaging Sys. v. Fukuhara*, 2006 WL 229793, at *4 (E.D. Cal. Jan. 26, 2006) ................................................................................................. 6

*Petrella v. MGM*, 572 U.S. 663, 670-71 (2014) ........................................................ 6

*Polar Bear Prods. v. Timex Corp.*, Nos. 03-35188, 03-35245, 2004 U.S. App. LEXIS 22131, at *13 (9th Cir. Sep. 3, 2004) ............................................... 10

*Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707 (9th Cir. 2004) .............................................................................................................................. 8

*Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994) ..................... 8

*Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) ............................... 8

*Seals v. Compendia Media Grp.*, 290 F. Supp. 2d 947, 952 (N.D. Ill. 2003) ................................................................................................................................. 6

*Singer v. Live Nation Worldwide, Inc.*, 2012 U.S. Dist. LEXIS 5196, 2012 WL 123146 (C.D. Cal. Jan. 13, 2012) ................................................................ 2

*Thomas v. Brett Sports & Entm't, Inc.*, 2016 U.S. Dist. LEXIS 112280 at *4, 2016 WL 4472995 at *2 (C.D. Cal. Aug. 23, 2016) ........................................ 2

*Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2007) ............ 2

## STATUTES

17 U.S.C. § 412 ................................................................................................................ 7

17 U.S.C. § 504(c)(1) ...................................................................................................... 5

17 U.S.C. § 507(b) ........................................................................................................... 6

**RULES**

Fed. R. Civ. Proc. 15(c)(1)(B) .................................................................................... 4, 5

**LOCAL RULES**

C.D. Cal. L.R. 7-3 ........................................................................................................ 2

C.D. Cal. L.R. 7-4 ........................................................................................................ 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Defendant BGD Media, Inc. ("Defendant") seeks to hold Plaintiff Michael Grecco Productions, Inc. ("MGP") to the impossible and unworkable standard of proving a negative by complaining that MGP failed to allege facts in the First Amended Complaint that somehow affirmatively show what it did not know.

This, of course, is not the proper standard.

Rather, the new facts alleged by MGP in the First Amended Complaint are sufficient to show that MGP satisfied the elements required for equitable tolling of the statute of limitations by adding substantial detail to describe the methods, and limitations, of MGP's usage of reverse image search technology to discovery infringements on the Internet.

Despite Defendant's contention, MGP has not added any new claims to this lawsuit in violation of the Court's November 22nd, 2019 Order ("Order"). Rather, MGP has merely added supplemental facts that expound upon its original, singular claim for copyright infringement without changing the underlying nature of MGP's legal theory. These newly alleged facts arise out of the same "conduct, transaction, or occurrence" set forth in MGP's original pleading, and therefore properly relate back to the date of the original pleading, and not the date of filing of the First Amended Complaint as Defendant contends.

Because the allegations in the First Amended Complaint, taken as true, sufficiently explain MGP's delay in discovering the infringements alleged such that the statute of limitations is properly tolled, Defendant's Motion to Dismiss must be denied.

**II.     DEFENDANT PREJUDICED MGP BY FAILING TO COMPLY WITH THE MEET AND CONFER REQUIREMENT OF LOCAL RULE 7-3**

Denial is warranted because Defendant's Motion is untimely under the Local Rules of the Central District of California. Local Rule 7-3 unequivocally states that "[i]n *all* cases … counsel contemplating the filing of any motion shall first contact

opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference *shall* take place at least seven (7) days prior to the filing of the motion." C.D. Cal. L.R. 7-3 (emphasis added). "The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8. C.D. Cal. L.R. 7-4.

Here, in a footnote, Defendant states that it conferred with Plaintiff on January 3, 2019. Dkt. #38 at p. 2. But Defendant filed its Motion on January 6, 2019, merely three days after the conference took place. *Ibid.* Accordingly, Defendants have violated the Local Rule's plain language, and denial of the motion is appropriate. *See, e.g., Thomas v. Brett Sports & Entm't, Inc.*, 2016 U.S. Dist. LEXIS 112280 at *4, 2016 WL 4472995 at *2 (C.D. Cal. Aug. 23, 2016)(denying motion to strike class allegations for failure to comply with Local Rule 7-3)*)*(Birotte, J.); *Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, 2009 U.S. Dist. LEXIS 100499 at *10, 2009 WL 3346784 at *3-4 (C.D. Cal. Oct. 13, 2009)(denying motion to dismiss for lack of service of process for failure to comply with Local Rule 7-3); *Singer v. Live Nation Worldwide, Inc.*, 2012 U.S. Dist. LEXIS 5196, 2012 WL 123146 (C.D. Cal. Jan. 13, 2012) (denying motion for summary judgment for failure to comply with Local Rule 7-3); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Ward v. Circus Circus Casinos, Inc.,* 473 F.3d 994, 1000 (9th Cir. 2007) (stating that violation of local rules is sufficient basis to deny motion).

Defendant's failure to comply with Local Rule 7-3 cannot be excused. Firstly, Defendant' is clearly aware of the meet and confer requirement, as it complied with the Local Rules on its Motion to Dismiss the original Complaint by conferring a full 17 days prior to the filing deadline. *See* Dkt. #17 at p. 2.

Second, Defendant had ample time, and multiple opportunities to request that a timely conference of counsel take place. When MGP filed its First Amended Complaint on December 12, 2019, Defendant was originally set to file a responsive

pleading no later than December 26, 2019. Carreon Decl. ¶4. On December 18, 2019, Defendant's counsel reached out to request an extension of the deadline to accommodate the holiday schedule, which Plaintiff's counsel granted. Carreon Decl. ¶5. At no time did Defendant's counsel mention the potential for a motion to dismiss or request a meet and confer. Carreon Decl. ¶6.

Per the stipulation, the new deadline for Defendant to files a responsive pleading was set for January 6, 2020. *See* Dkt. #36. On December 27, 2019, Defendant's counsel emailed Plaintiff's counsel about a question regarding the registration certificate for one of the photos included in the First Amended Complaint "in an effort to see if motion practice might be avoided on the point." Carreon Decl. ¶8. Plaintiff's counsel promptly responded, apparently to Defendant's counsel's satisfaction, as Defendant's counsel never raised the issue again, nor did she request a meet and confer about any proposed motion to dismiss despite being aware that Plaintiff's counsel was available and working that day. Carreon Decl. ¶9.

Defendant's failure to comply with Local Rule 7-3 has also prejudiced MGP. After the deadline to confer had passed, MGP and it counsel assumed that Defendant had decided to simply answer rather than engage in further motion practice. Carreon Decl. ¶12. Because the required 7-3 conference took place with short notice on a Friday morning, Plaintiff's counsel was unable to reach his client to discuss the substance of Defendant's proposed Motion prior to the Monday, January 6 filing deadline. Carreon Decl. ¶¶14-15.

The Local Rules are unequivocal. Defendant had multiple opportunities to comply with the Local Rules in a timely manner, but did not do so. As such, its Motion to Dismiss must be denied.

**III.  THE NEW FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT RELATE BACK TO THE ORIGINAL FILING DATE**

Defendant contends that the First Amended Complaint should be dismissed because MGP allegedly failed to comply with the Court's Order by adding in the addition facts and an infringement and because the newly added infringement is time-

Opposition to Motion to Dismiss
3

barred, and that the Copyright Act forecloses an award of statutory damages or attorneys fees based on the newly added infringement.

### A. The Court's Order Does Not Preclude MGP From Adding New Facts Into The First Amended Complaint.

Defendant first contends that the First Amended Complaint should be dismissed because MGP allegedly failed to comply with the Court's Order by alleging new facts concerning the Flashlight Photo and adding the Hallway Photo to the claim. This argument falls flat, however, since MGP is not adding in a wholly new claim as Defendant contends, rather, MGP merely sought to supplement its singular claim for copyright infringement by adding supplemental facts that arise out of "the conduct, transaction, or occurrence" alleged in the original Complaint, and thus relate back to that filing. *See* Fed. R. Civ. Proc. 15(c)(1)(B).

As an initial matter, the Court's Order dismissing the original Complaint merely states that MGP is granted leave to amend and does not state that MGP is precluded from alleging new facts not included in the original pleading. *See* Dkt. #34. Even if it did, Defendant relies on a number of distinguishable cases for the proposition that MGP's new factual allegations are improper. Each of the cases cited by Defendant relate to the improper addition of wholly new parties or causes of action as opposed to the addition of facts to supplement an existing cause of action, as is the case here. *See e.g. Brands v. First Transit Inc.*, 278 F. App'x 722, 724-725 (9th Cir. 2008) (adding an entirely new party and four new causes of action); *Gallagher v. San Diego Unified Port Dist.*, No. 08 Civ. 886 (IEG) (RBB), 2009 WL 2781553, at *10 (S.D. Cal. Aug. 31, 2009) (dismissing a newly added cause of action); *Carpiaux v. City of Emeryville*, No. 06 Civ. 3493 (CW), 2007 WL 1880313, at *2-3 (N.D. Cal. Jun. 29, 2007) (two new causes of action dismissed).

MGP questions the implication that each infringed Photo constitutes a separate claim. In both the original and First Amended Complaint, MGP has consistently asserted one count of copyright infringement. The number of infringed

works may affect the extent of damages, *see* 17 U.S.C. § 504(c)(1), but MGP's theory of the case remains the same. Additionally, MGP's new allegations regarding the date the Flashlight Photo was uploaded to the server of Defendant's Website is directly relate to the statute of limitations issue addressed by the Court in its Order and should be permitted even if the addition of the Hallway Photo is not.

Because the new factual allegations contained the First Amended Complaint do not violate the Court's Order, MGP's First Amended Complaint should not be dismissed and Defendant's Motion should be denied.

**B.    Under FRCP 15(c)(1)(B) The New Factual Allegations Relate Back To The Date Of The Filing Of The Original Complaint.**

Defendant also argues that the new factual allegations raised by MGP in its First Amended Complaint are time barred even if the delayed discovery rule is applied because the First Amended Complaint containing these new allegations was not filed until December 2019. This argument, too, must fail as the relation back doctrine sets the proper date for calculating the statute of limitations as May 30, 2019, the date the original Complaint was filed, and not the date when the First Amended Complaint was filed as Defendant contends.

Federal Rules of Civil Procedure 15(c)(1)(B) provides that whenever a claim asserted in the amended pleading arises out of "the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading," which in this case is May 30, 2019. This rule certainly applies to the updated factual allegations concerning Defendant's republication of Flashlight Photo as that photograph was included in the original Complaint and these newly alleged facts specifically address the statute of limitations issue which cause the original Complaint to be dismissed.

In the First Amended Complaint, MGP alleges that in 2019, MGP discovered two articles that utilized the Flashlight Photograph. FAC ¶¶41-43. MGP also alleges that while the two articles in question appear to have been written in 2015, the URL

on Defendant's Website where the unauthorized copy of the Flashlight Photo resided suggests that it was uploaded[1] to the server for Defendant's Website on September 13, 2016. FAC ¶¶45-47. Taking this factual allegation as true, the copy of the Flashlight Photograph discovered by MGP in 2019, was copied on the server for Defendant's Website less than three years prior to when MGP filed suit, rendering MGP's claim timely. *See* 17 U.S.C. § 507(b)(statute of limitations for infringement action "three years after the claim accrued."); *see also Petrella v. MGM*, 572 U.S. 663, 670-71 (2014) (copyright claim accrues "when an infringing act occurs . . . when a defendant commits successive violations, the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong.").

In addition, the newly added Hallway Photo arises out Defendant's infringing conduct as alleged in MGP's singular claim for copyright infringement set forth in the original complaint such that a relation back is proper. *See Opthalmic Imaging Sys. v. Fukuhara*, 2006 WL 229793, at *4 (E.D. Cal. Jan. 26, 2006)("[T]he allegation of conversion is very much related to the broad set of facts that gave rise to the allegations copyright infringement, false advertising, violation of the Computer Fraud and Abuse Act, breach of contract, misappropriation of trade secrets, and interference with contracts. For this reason, the court finds that the relation-back doctrine would ensure that the amendment would not be barred by the statute of limitations."); *see also Seals v. Compendia Media Grp.*, 290 F. Supp. 2d 947, 952 (N.D. Ill. 2003)("Contrary to defendants' argument, the fact that this court subsequently dismissed plaintiff's first, second, and third complaints does not render the fourth amended complaint, filed on May 5, 2003, untimely."). MGP alleges that it discovered Defendant's unauthorized use of the Hallway Photo was discovered in

---

[1] Although MGP concedes that it used the phrase "re uploaded" in the First Amended Complaint, there is no information to suggest that the Flashlight Photo, as opposed to any other photograph, was the photograph actually displayed with the two articles prior to September 13, 2016.

October 2016, also less than three years before the Complaint was filed. FAC ¶35.

Because both the new factual allegations concerning the Flashlight Photo, and the factual allegations concerning the Hallway Photo relate back to the date of the filing of the original Complaint, and because Defendant's unauthorized use of both photographs either occurred or was discovered less than three years prior to the filing of the original Complaint, MGP's claim is timely and Defendant's Motion should be denied.

### C. MGP Disagrees With The False Assertion That The Hallway Photo Was "Unpublished" When The Infringement Occurred.

Defendant also contends that MGP is barred from obtaining statutory damages and attorneys' fees for the Hallway Photo by misleadingly referring to the Hallway Photo as "unpublished and unregistered" when the infringement commenced. MGP concedes that the Hallway Photo was not registered with the United States Copyright Office until January 2017, which is after the infringement alleged in the First Amended Complaint apparently commenced. MGP also concedes that it cannot recover statutory damages or attorneys' fees for this photo based on the untimely registration date. *See* 17 U.S.C. § 412.

Despite this concession, MGP takes issue with Defendant misleading referring to the Hallway Photograph as "unpublished" at the time the infringement commenced. The registration certificate for the Hallway Photo expressly states that it was created and published in 1993 well before Defendant's infringing conduct occurred. Carreon Decl. ¶17; *see also* FAC ¶¶23-24. MGP therefore takes issue with Defendant's use of misleading language in referring to the Hallway Photo as a means to cast doubt on the validity of MGP's claim.

### IV. THE NEW FACTS ALLEGED ARE SUFFICIENT TO INVOKE THE DISCOVERY RULE AND EQUITABLE TOLL MGP'S CLAIM

The thrust of Defendant's argument is simply that, because MGP is a sophisticated litigant who utilizes technology to search the Internet for infringements, he some how should have known about these particular infringements on Defendant's

Website sooner than when they were actually discovered. To determine whether the statute of limitations has run in a copyright infringement case, the court must determine whether the plaintiff had actual or constructive knowledge of the claim more than three years prior to the date of filing. *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994)(a cause of action accrues when a plaintiff knows or has reason to know of the injury upon which the claim is presented); *see Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000)("The question then arises, if the Klings had no actual or constructive knowledge of any infringement, how could the district court subsequently reject the infringement claim?").

It is clear that MGP did not have actual knowledge of any the infringements prior to its first discovery of unauthorized use of the Hallway Photo in October 2016[2] because MGP did not know of Defendant, Defendant's Website, or any of the articles at issue prior to that date. Thus, the only relevant inquiry is whether MGP had constructive knowledge of the infringements alleged prior to the October 2016 discovery date or, more precisely, prior to May 30, 2016, which is three years prior to when this lawsuit was filed.

Generally, statutes of limitations are subject to equitable tolling if a plaintiff shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevent timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotation marks and citation omitted). Thus, "the limit imposed by § 507(b) [of the Copyright Act] should not be construed to prohibit recovery for prior infringement in every circumstance." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707 (9th Cir. 2004); *see also Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) ("Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim.").

---

[2] Although MGP contends that it discovered some of the infringement as late as 2019, MGP discovered the first infringement on Defendant's Website in October 2016. For the sake of simplicity, MGP will utilize this earliest date in its analysis of all the infringements alleged.

As an initial matter, Defendant's argument that MGP is sophisticated party is flawed in that it views MGP supposed sophistication in detecting and pursuing infringements through the lens of 2020 rather than considering MGP's level of sophistication in 2016 when the infringements were discovered or 2015 when some of the infringements first commenced. Prior to May 30, 2016, MGP was much less sophisticated in its efforts as MGP had only filed four infringement lawsuits, including only one filed in 2015 when two of the infringement alleged occurred. Carreon Decl. ¶18. Regardless, by arguing that MGP aggressively seeks to detect and pursue infringement Defendant apparently concedes that MGP has satisfied the first element of equitable tolling by pursuing his rights diligently.

As to the second element of equitable tolling, MGP has sufficiently alleged in the First Amended Complaint the difficulties and limitations presented in detecting infringement when utilizing even the most sophisticated reverse image search technologies. As alleged in the First Amended Complaint, MGP utilized a third party company, ImageRights, as well as a Google Image search to detect Defendant's unauthorized use of the two photos in question. FAC ¶¶16-18, 36, 44. The Google Search Index alone contains hundreds of billions (plural) of webpages. FAC ¶20. As an example of the magnitude of this number, if MGP were to utilize reverse image search technology capable of searching the Google Search Index at a rate of 91 million individual pages per day, it would take over three years just to search the first 100 billion pages[3]. This example does not take into account cost limitations or the labor intensive process required to manually review any matches to verify any potential license or discard a false positive. Nor does it take into account that any computing power required to detect a single infringement would need to be multiplied a thousand fold to account for the large photo libraries amassed over

---

[3] This does not take into account the fact that the Google Search Index continues to add million of new pages per day, nor does it take into account the fact that many webpages, such as the articles at issue on Defendant's Website, contain a multitude of photographs, both of which exponentially increase the number of searches and sophistication required to detect any use of MGP's photographs let alone an infringing one.

decades by a successful photographer. All of these factors may render an infringement undetected for years even despite the most diligent efforts. *See* FAC ¶¶21-22

Furthermore, this example illustrates the absurdity of Defendant's position that the fact the MGP utilizes sophisticated reverse image search technology and chooses to actively litigate claims of unauthorized use necessarily means that MGP should be charged with constructive knowledge of these particular infringements. Indeed, Defendant does not explain how MGP's discovery of, and legal claims concerning, numerous unrelated infringements committed by unrelated third-parties occurring on unrelated websites bears any relevance to whether MGP had actual or constructive knowledge of Defendant, Defendant's Website, or the existence of these particular infringements.

Taken to its logical conclusion, Defendant's argument would essentially render the delayed discovery doctrine moot for litigants such as MGP who actively utilizes reverse image search technology, even when through no fault of its own, the limitations of the technology causes certain infringements not to be immediately discovered. *See Polar Bear Prods. v. Timex Corp.,* Nos. 03-35188, 03-35245, 2004 U.S. App. LEXIS 22131, at *13 (9th Cir. Sep. 3, 2004)("Without the benefit of tolling in this situation, a copyright plaintiff who, through no fault of its own, discovers an act of infringement more than three years after the infringement occurred would be out of luck. Such a harsh rule would distort the tenor of the statute.").

Defendant further contends that MGP does not specifically explain why it did not have actual or constructive knowledge of the articles on Defendant's Website prior to the dates of discovery alleged. Defendant seeks to hold MGP to the impossible standard of proving a negative. Simply put, MGP did not know of the infringements because MGP did not know of the infringements. No facts can be alleged to show what MGP did not know. In any event, as alleged by MGP in the

First Amended Complaint, the realities of the limitations of using reverse image search technologies to detect infringements coupled with the vastness and breadth of the modern Internet are sufficient circumstance to satisfy the second element of equitable tolling and to show that, despite the utmost diligence, MGP was not able to detect the infringements prior to the dates alleged.

In conclusion, MGP has sufficiently alleged facts that invoke the equitable tolling doctrine. Because MGP filed this lawsuit within three years of discovering the first infringement, the lawsuit is not barred by the statute of limitations. Therefore, Defendant's Motion should be denied.

### V. THE NEW FACTS ALLEGED ARE SUFFICIENT TO INVOKE THE DISCOVERY RULE AND EQUITABLE TOLL MGP'S CLAIM

For the foregoing reasons, MGP respectfully requests that Defendant BDG Media, Inc.'s Motion to Dismiss be denied.

Dated: January 17, 2020                    Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on January 17, 2020, on all counsel or parties of record on the service list below.

**/s/ Ryan E. Carreon**
Ryan E. Carreon

**SERVICE LIST**

Eleanor M Lackman

kls@msk.com, kld@msk.com, eml@msk.com