UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BDG MEDIA INC.,<br><br>Defendant. | Case No. CV 19-04716-AB (KSx)<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [DKT NO. 38]** |

Before the Court is a Motion to Dismiss First Amended Complaint ("Motion," Dkt. No. 38), filed by BDG Media, Inc. ("Defendant"). Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") filed an opposition ("Opp'n," Dkt. No. 41) and Defendant filed a reply ("Reply," Dkt. No. 42)[1]. For the following reasons, the

---

[1] It appears that Defendant's meet-and-confer efforts did not satisfy Local Rule 7-3 because Defendant filed its Motion only three days after the conference took place. Local Rule 7-3 requires the parties meet-and-confer at least seven days prior to the filing of a motion, or the Court may decline to consider the motion. *See* C.D. Cal. L.R. 7-3, 7-4. Plaintiff requested that Defendant's entire Motion be denied because of the Rule 7-3 violation. *See* Opp'n at 1. Under these circumstances, the Court has discretion to deny a motion or consider the motion on its merits despite the violation. *See Conzelman v. United States*, 2018 WL 6136819, at *4 (C.D. Cal. Aug. 17, 2019). This Court will decide Defendant's Motion on its merits. It does not appear that Defendant violated Rule 7-3 in bad faith, and Plaintiff was still able to file its timely Opposition, including a declaration, despite the shortened time frame. (*See* Dkt. No.

1.

Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

Plaintiff filed this action for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*, on May 30, 2019. *See* Compl. (Dkt. No. 1). On November 21, 2019, the Court granted Defendant's motion to dismiss the Complaint on the ground that Plaintiff's claim was barred by the three-year statute of limitations that governs copyright claims. *See* Order (Dkt. No. 34). The Court found that exhibits attached to the Complaint showed that the alleged infringement occurred in May and July 2015—more than 3 years before this action was commenced—and that Plaintiff failed to allege any facts to support its reliance, in its opposition, on the delayed discovery rule. The Court granted Plaintiff leave to amend to allege facts that could justify application of the delayed discovery rule. On December 12, 2019, Plaintiff timely filed its First Amended Complaint ("FAC," Dkt. No. 35) asserting one cause of action for copyright infringement against Defendant. The FAC alleges as follows.

**A. The Parties**

Plaintiff is a California corporation with a principal place of business in Los Angeles, California. FAC at ¶ 5. Plaintiff is a professional media and photography company, run by photographer Michael Grecco, that allegedly licenses and sells individual photographs. *Id.* ¶ 9.

Defendant is a Delaware limited liability company registered to do business in California with an office located in Los Angeles, California. *Id.* ¶ 6. Defendant is a female-focused digital media company that publishes content across numerous websites, including bustle.com ("Website"), which it allegedly owns and operates.

---

41). Thus, Plaintiff appears to have suffered little or no prejudice. *See Conzelman*, 2018 WL 6136819, at *4 (finding no apparent prejudice when a plaintiff, who was given notice only four days prior to Defendant's time to file an answer or responsive pleading [as opposed to the full seven days as required by Local Rule 7-3], filed its thorough opposition).

2.

*Id.* ¶ 30-31.

**B. Factual Allegations**

The original Complaint alleged one count of copyright infringement based on Defendant's uses of Plaintiff's photo featuring The X-Files actors Gillian Anderson and David Duchovny holding flashlights ("Flashlight Photo"). *See* Compl. ¶¶ 13, 18-22. The First Amended Complaint also alleges a single cause of action for copyright infringement, but in addition to the Flashlight Photo infringements, FAC ¶ 25, it adds an additional infringement involving a photo with the actors standing in a dark, floodlit hallway ("Hallway Photo") (collectively, the "X-Files Photos"). FAC ¶ 24.[2]

Plaintiff is the exclusive rights holder of the X-Files Photos, and they are registered with the United States Copyright Office. *Id.* ¶ 29. The Flashlight Photo is registered under registration number VA 1-232-596 and the Hallway Photo is registered under registration number VA 2-030-741. *Id.*

Plaintiff alleges the following generic facts about discovering copyright infringement. Plaintiff has, in the past, utilized a third-party reverse image search software platform operated by ImageRights International, Inc. ("ImageRights"). *Id.* ¶ 16. Additionally, Plaintiff monitors infringements in-house through publicly available tools such as Google Image Search. *Id.* ¶ 18. Plaintiff alleges that many infringements can go undetected for years at a time due to the vastness and breadth of the modern internet. *Id.* ¶ 19. Additionally, a human must manually review a list of potential infringements for verification. *Id.* ¶ 21. Plaintiff alleges that the process is

---

[2] In its Opposition, Plaintiff suggests the Hallway Photo goes only to damages and might not be a separate claim. What Plaintiff means by this is not clear. However, The FAC defines the Hallway Photo and the Flashlight Photo collectively as the "X-Files Photos," *see* FAC ¶ 26, the FAC's "Infringing Conduct" section refers to Defendant's display of both photos, *see* FAC ¶¶ 35-51, and first cause of action encompasses both by referring to the "X-Files Photos," *see* FAC ¶¶ 52-54. All of this indicates that Plaintiff is asserting a claim for copyright infringement of both photos. Therefore, fairly read, the FAC asserts the Hallway Photo as a new basis for Plaintiff's copyright infringement claim, so the Court will analyze it as such.

3.

costly and labor intensive, especially for individuals and companies that, like Plaintiff, have amassed thousands of valuable photographs. *Id.* ¶ 22.

Defendant published three articles on its Website that featured unauthorized copies of the X-Files Photos. *Id.* ¶¶ 35, 41-42. The first article ("Hallway Photo Article") featuring the Hallway Photo was discovered by Plaintiff in or around October 2016. *Id.* ¶ 35. A screenshot of the Hallway Photo Article is attached to the FAC. *See* FAC Ex. B. Plaintiff alleges that it discovered the unauthorized use of the Hallway Photo through an ImageRights search. FAC ¶ 36. After Plaintiff discovered the Hallway Photo Article, Plaintiff retained counsel who corresponded with Defendant about the alleged infringement. *Id.* ¶ 38. A copy of the Hallway Photo still resides on the <u>server</u> for Defendant's Website.[3] *Id.* ¶ 39. No information regarding this Hallway Photo infringement was contained in Plaintiff's original Complaint. *See generally*, Compl.

Defendant published two articles on its Website that featured unauthorized copies of the Flashlight Photo ("Flashlight Photo Articles"). FAC ¶¶ 41-42. The Flashlight Photo Articles were published in 2015. *Id.* ¶ 45. Plaintiff alleges that it first discovered the May 2015 Article in or around January 2019.[4] *Id.* ¶ 41. Plaintiff discovered the July 2015 Article in February 2019. *Id.* ¶ 42. These Flashlight Photo Articles were found through an in-house Google Image Search. *Id.* ¶ 44. Plaintiff's original Complaint was focused on the infringement involving these two articles. *See* Compl. ¶¶ 18-19.

Plaintiff also alleges that it found, through inspection of the URL for the

---

[3] The Court notes Plaintiff has only asserted that this photo still resides on Defendant's *server*. Plaintiff did not address whether Defendant removed the photo from the article that previously contained the photo. *See* FAC ¶ 39.

[4] The Court notes that Plaintiff alleged in its original Complaint ("Compl.") that Michael Grecco, on Plaintiff's behalf, contacted Defendant regarding the May 2015 Article. *See* Compl. ¶ 22. Plaintiff alleges that the parties were unable to come to a resolution. *Id.* Plaintiff omitted these facts in the FAC.

Flashlight Photo on Defendant's server, that the Flashlight Photo was re-uploaded to Defendant's website on September 13, 2016. FAC ¶ 45. This fact was not mentioned in Plaintiff's original Complaint. *See generally*, Compl. Screenshots of the Flashlight Photo Articles and of the URL with the alleged re-upload date are attached to the FAC. *See* FAC Exs. D, E. As of the date of filing of the lawsuit, unauthorized copies of the Flashlight Photo remained on the server for Defendant's Website.[5] FAC ¶ 48.

## II. LEGAL STANDARD

### A. 12(b)(6) Motion to Dismiss

Fed. R. Civ. P. ("Rule") 8 requires a plaintiff present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

A court may dismiss a complaint under Rule 12(b)(6) based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, a judge must accept all factual allegations contained in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To defeat a 12(b)(6) motion to dismiss, the complaint must allege enough factual matter to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,'

---

[5] *See supra* note 4.

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Generally, when a district court considers evidence outside the pleadings while ruling on a Rule 12(b)(6) motion to dismiss, it must convert that motion into a Rule 56 motion for summary judgement and give the nonmoving party an opportunity to respond. *See* Fed. R. Civ. P. 12(b); *United States v. Ritchi*, 342 F.3d 903, 907-08 (9th Cir. 2003) (*citing Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998)). However, a court may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## III. DISCUSSION

### A. Plaintiff's Claim Based on the Flashlight Photo is Time-Barred

Copyright infringement claims must be "commenced within three years after the claim accrued."[6] 17 U.S.C. §507(b). Under the "discovery rule," a copyright infringement claim accrues – and the statute of limitations begins to run – when a party discovers or, with the exercise of diligence, reasonably should have discovered, the alleged infringement. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F. 3d 700, 706 (9th Cir. 2004).

A statute of limitations defense may be raised by a motion to dismiss if the running of the statute is apparent on the face of the complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). To defeat a statute of limitations defense,

---

[6] To state a claim for copyright infringement, a plaintiff must plausibly allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Rel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *see also Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013). Defendant moves to dismiss the claim solely based on it being time barred, and not on the ground that it is otherwise inadequately pled.

the plaintiff bears the burden of proving the applicability of the delayed discovery rule or equitable tolling. *V.C. v. L.A. Unified Sch. Dist.*, 43 Cal. Rptr. 3d 103, 114 (2006). To satisfy this burden, the plaintiff must establish facts that show the plaintiff lacked knowledge and that in the exercise of reasonable diligence the facts could not have been discovered earlier. *Id.*; *see also Parsons v. Tickner*, 37 Cal. Rptr. 2d 810, 816 (1995).

In their Motion, Defendant again wishes to dismiss Plaintiff's copyright infringement claim for the Flashlight Photos as time barred under 17 U.S.C. §507(b). The Court previously dismissed Plaintiff's copyright infringement claim on the grounds that Plaintiff failed to plead plausible facts to justify the application of the delayed discovery rule for the alleged infringements in Defendant's Flashlight Articles. *See* Order at 7-8.

Plaintiff's claim fails again for the same reasons it was originally dismissed: Plaintiff fails to plead facts in its FAC and Opposition to support the application of the delayed discovery rule. Thus, all of Plaintiff's infringement claims related to the Flashlight Photos are time-barred.

### 1. Plaintiff Has Not Pled Facts Sufficient to Support Delayed Discovery Rule for the Flashlight Photo Articles

Plaintiff's FAC pleads only generic facts explaining why copyright infringement is difficult to detect. *See* FAC ¶¶ 16-22. Plaintiff's Opposition does the same. *See* Opp'n at 9-10. Generic facts about the difficulties of detecting infringement is not enough to show that the delayed discovery rule should be applied to Plaintiff's discovery of the Flashlight Photo Articles.

Plaintiff does mention that finding copyright infringements can be difficult, time consuming, and expensive. *See* FAC ¶ 16-22; Opp'n at 9. However, Plaintiff fails to allege that these are the reasons for its delay in discovering Defendant's alleged infringements in the Flashlight Photo Articles. Plaintiff inserted "boilerplate reasoning" for why copyright infringements are hard to detect, instead of specific

7.

reasons why the Flashlight Photo Articles were not discovered for several years after publication. For example, Plaintiff's Opposition explains how it would take over three years to search the first hundred billion pages of the Google Search Index at a search rate of 91 million individual pages per day. Opp'n at 9. Nowhere in its Opposition does Plaintiff explain that it started a search for the Flashlight Photos three years before it was able to obtain a result, or that this is the rate at which its detection system operates. *See generally*, Opp'n. In short, Plaintiff does nothing to relate these general "problems" that make copyright infringement detection difficult and time consuming to the present case. Thus, Plaintiff did not address the singular issue the Court pointed out in its Order.

Plaintiff also makes an incorrect assumption in its Opposition. After essentially assuming its own diligence, Plaintiff incorrectly states that the only question for the Court to answer is whether Plaintiff had constructive knowledge of the alleged infringements prior to the October 2016 discovery date. *See* Opp'n at 8. However, this statement completely ignores what was laid out directly in the Court's Order. As the Court noted in its Order, the Plaintiff must establish facts that show Plaintiff lacked knowledge <u>and that in the exercise of reasonable diligence the facts could not have been discovered earlier</u>. *See* Order at 7.

Plaintiff's reasoning does not satisfy its burden of showing "reasonable diligence." Difficulty in detecting does not immediately excuse a three-plus-year delay in discovery. Plaintiff alleges no facts that support it used reasonable diligence. Plaintiff states that it "actively searches for hard-to-detect infringements and devotes time and money to enforcing his rights under the Copyright Act." FAC ¶ 15. However, there are no facts alleged by Plaintiff in its FAC or Opposition to support this conclusory statement. Plaintiff does not allege, for example, that it ran searches on a regular basis, or that it encountered any particular problems while attempting to find infringements related to the Flashlight Photos. Even when viewed as true and in a light most favorable to the Plaintiff, the Court cannot reasonably conclude that using

certain search methods, or even "actively searching," amounts to "reasonable diligence." Reasonable diligence is Plaintiff's burden to allege, and it has failed to do so in its FAC and in its Opposition.

Plaintiff thus has not provided facts sufficient facts to support the application of the delayed discovery rule in respect to the Flashlight Photo Articles. The screenshots of the Flashlight Photo Articles are dated July 24, 2015, and May 11, 2015. *See* FAC Ex. D. Plaintiff filed its original complaint on May 30, 2019, more than three years after the publication of the Flashlight Photo Articles, after the three-year statute of limitations expired. *See* Compl. Plaintiff's claims related to the Flashlight Photo Articles are thus untimely and will be DISMISSED on that basis.

### 2. Claim Based on New "Re-Upload" is Untimely

Plaintiff also asserts that the Flashlight Photo was "re-uploaded" to Defendant's server in September 2016. FAC ¶ 45. This is a completely separate act from the publishing of the two Flashlight Photo Articles Plaintiff asserted in its original Complaint. It involves a separate instance of Defendant allegedly infringing on Plaintiff's copyright, and requires different facts and exhibits to support it. *See id.* ¶ 45, Ex. E. Plaintiff implies that even though he added this allegation more than 3 years later in his FAC filed December 12, 2019, such a claim would be timely under the relation back doctrine because the original Complaint was filed on May 2019 – less than 3 years later.

But this fails for several reasons. First, Plaintiff himself raises doubts as to whether the "re-uploaded" photo is his Flashlight Photo. *See* Opp'n at 6 fn.1. This alone defeats Plaintiff's reliance on the re-uploaded photo for a copyright infringement claim. Second, Plaintiff misunderstands the relation back doctrine. It depends on the original complaint being *timely*. Here, the original complaint was *untimely*, so there is no timely complaint for the untimely new allegation to relate back to. Absent relation-back, the statute of limitations passed in September of 2019, three years after the alleged re-upload of the photo to Defendant's server. Third, the

re-upload allegation would not relate back in any event because it is a separate and different act of infringement.

The Court also agrees with Defendant that Plaintiff's FAC goes beyond the scope of the amendment granted. To the extent Plaintiff was attempting to add additional claims, it cannot do so in an amended complaint that was only meant to allow Plaintiff a chance to remedy deficiencies. The Ninth Circuit Court has upheld District Court decisions to decline consideration of additional claims in a case with similar facts. *See*, *Wilde v. U.S.*, No. 93-15538, 1995 WL 499429 at *2 (9th Cir. Aug. 22, 1995) (holding that there was no abuse of discretion where District Court granted leave to amend for plaintiff to state a proper claim, plaintiff filed an amended complaint alleging new claims, and District Court refused to consider the additional claims). In the present case, this Court was specific when granting leave to amend. This Court granted leave for Plaintiff to allege facts that could justify application of the delayed discovery rule. Order at 7-8. Plaintiff chose to go beyond the scope of the Order, and add additional facts that equate to additional claims. The Court has the discretion to refuse consideration of these additional claims that are beyond the scope of amendment the Court granted.

Plaintiff's claims related to the Flashlight Photo Articles and the alleged "re-upload" of the Flashlight Photo to Defendant's server are DISMISSED.

**B. Plaintiff's Claims Based on the Hallway Photo are Dismissed**

Plaintiff cannot add an infringement claim for the Hallway Photo in the FAC because the claim does not and cannot relate back to the original Complaint, there was no fair notice to Defendant, and the claim is time-barred.

**1. This Claim is Beyond the Scope of Leave to Amend Since it Does Not Relate Back to Plaintiff's Original Complaint**

First, the Hallway Photo claim does not "relate back" to the original claim as required by Rule 15. Under Rule 15, an otherwise time-barred claim in an amended pleading "relates back" to the date of the original pleading if the amendment "arose

10.

out of the conduct, transaction, or occurrence" set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B).

When an amended claim can be proven by the same kind of evidence offered in support of the original pleading, it can be said that the claim arises "out of the conduct, transaction, or occurrence." *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988) (*quoting Rural Fire Prot. Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1996)). When making this decision, the Court considers, "whether the 'allegations of a new theory in an amended complaint…involve[] the same transaction, occurrence, or core of operative facts involved in the original claim.'" *Id.* (*quoting Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n. 29 (9th Cir.1982), *cert. denied*, 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983)).

Plaintiff contends that the facts relating to the Hallway Photo arise out of the same "conduct, transaction, or occurrence" alleged in the original complaint. *See* Opp'n at 4. The court disagrees. A claim for infringement of the Hallway Photo requires an entirely new set of facts than does a claim for infringement of the Flashlight Photo. The Hallway Photo has its own registration number, separate from the Flashlight Photo's registration number. FAC ¶ 29. Plaintiff discovered Defendant's use of the Hallway Photo in 2016, and the Flashlight photo in 2019. *Id.* ¶¶ 35, 41. Plaintiff discovered the Hallway Photo using an ImageRights search, and the Flashlight Photo through a Google search. *Id.* ¶¶ 36, 44. The Hallway Photo involved separate communication with Defendant's counsel. *Id.* ¶ 38. Plaintiff attached new exhibits in the FAC to support their Hallway Photo. *See* FAC Exs. A-C. None of this information was present in Plaintiff's original complaint. *See generally*, Compl. Nor do these additional facts arise out of the same "core of operative facts" that Plaintiff used to plead infringement for the Flashlight Photo. The Hallway Photo Article involves a completely separate alleged action by the Defendant – the action of uploading another of Plaintiff's photos to a different article. These facts considered, the Hallway Photo cannot be said to "relate back" to Plaintiff's original Complaint or

the Complaint's filing date.

The Court also agrees with Defendant that it was not given fair notice of the Hallway Photo claim. *See* Reply at 8. When deciding whether an amendment to add an additional claim is proper, the court must consider the policy implications of the statute of limitations. *Percy*, 841 F.2d at 979. Thus, "amendment of a complaint is proper if the original pleading put the defendant on notice of the 'particular transaction or set of facts' that the plaintiff believes to have caused the complained of injury." *Id.* (*quoting Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982)). Here, Plaintiff's original Complaint was for copyright infringement based only on the Flashlight Photo that Defendant used in two specific articles– the two Flashlight Photo Articles. *See generally*, Compl. It cannot be said that Defendant was "put on notice" that they could be sued for a completely separate alleged infringement of the Hallway Photo that occurred years earlier.

## 2. This Claim is Untimely in Any Event

Finally, since the Hallway Photo does not relate back to Plaintiff's original Complaint, the alleged infringement for the Hallway Photo is time-barred.[7] Absent relation back to the original Complaint, Plaintiff would have needed to file a Complaint including this allegation before the three-year statute of limitations passed. Plaintiff discovered the Hallway Photo Article in or around October 2016. FAC ¶ 35. Assuming Plaintiff could assert facts in support of applying the delayed discovery rule, October 2019 would be the latest possible filing date, three years after Plaintiff's discovery. Plaintiff first raised this claim in his FAC filed on December 12, 2019, more than three years after discovery—so it is untimely. Therefore, Plaintiff's claim

---

[7] It is important to note at the outset that the Court found Plaintiff's Flashlight Photo claims time-barred after reviewing Plaintiff's FAC. Thus, there is nothing for the Hallway Photo claim to "relate back" to. The Court will still analyze the statute of limitations for the Hallway Photo claim for the sake of completeness.

for copyright infringement based on the Hallway Photo is dismissed. [8]

**C. The Court Declines to Grant Leave to Amend.**

When a district court has already granted a plaintiff leave to amend, it has broad discretion in deciding subsequent motions to amend. *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). In its original Order, the Court granted leave to amend for one reason only. The Court was giving Plaintiff the chance to plead facts showing why the delayed discovery rule should apply to his Copyright Infringement claim for the Flashlight Photo. Order at 7-8. Plaintiff failed to address this in its FAC. Instead, Plaintiff plead generally that finding copyright infringements is time consuming and costly, without describing why the Flashlight Photo Articles in particular took years to discover. Plaintiff never asserted that these general reasons were the actual reasons for delay with the Flashlight Photo Articles. *Id.* Furthermore, instead of adequately pleading facts to support the delayed discovery rule, Plaintiff attempted to introduce additional claims for copyright infringement. The "re-upload" of the Flashlight Photo was a separate act of infringement and did not relate-back to the original Complaint. It was improper to include that additional claim as it was beyond the scope of the permitted amendment. Furthermore, the additional claim for the Hallway Photo also did not relate back to the original Complaint and was itself untimely. In light of Plaintiff's failure to cure the specific defects the Court identified in its first Order, the Court finds that further amendment would be futile and therefore will dismiss Plaintiff's without leave to amend, and with prejudice.

//

//

---

[8] Because the Court has already addressed several reasons why Plaintiff cannot proceed with its claim related to the Hallway Photo, the Court will not address the issue of the Copyright registration date. *See* Opp'n at 7.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED** with prejudice. Defendant is **ORDERED** to file a Proposed Judgment within 7 days of the issuance of this Order.

Dated: February 26, 2020    _____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE