ELEANOR M. LACKMAN (SBN 298594)
eml@msk.com
DANIEL M. HAYES (SBN 240250)
dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
BDG Media, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

MICHAEL GRECCO PRODUCTIONS, INC. d/b/a MICHAEL GRECCO PHOTOGRAPHY, INC.,

Plaintiff,

v.

BDG MEDIA, INC.; and DOES 1 through 10, inclusive,

Defendant.

CASE NO. 2:19-cv-04716-AB-KS

Honorable André Birotte Jr.

**DECLARATION OF ELEANOR M. LACKMAN IN SUPPORT OF DEFENDANT BDG MEDIA, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 17 U.S.C. § 505**

Date: April 10, 2020
Time: 10:00 a.m.
Location: United States Courthouse, Courtroom 7B
350 W First Street
Los Angeles, CA 90012

# DECLARATION OF ELEANOR M. LACKMAN

I, ELEANOR M. LACKMAN, declare as follows:

1. I am a Partner at the law firm of Mitchell Silberberg & Knupp LLP ("MSK"), counsel for Defendant BDG Media, Inc. ("BDG"). I served as lead counsel for BDG at all relevant times at MSK, and submit this declaration in support of BDG's calculation of attorneys' fees and costs sought pursuant to 17 U.S.C. § 505.

2. I make this declaration in support of BDG's Motion for Attorneys' Fees ("Motion"). I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

3. On March 2, 2020, Counsel for BDG met and conferred with Ryan E. Carreon, Counsel for Plaintiff Michael Grecco Productions, Inc.'s ("Grecco") via telephone concerning BDG's Motion for Attorneys' Fees. The parties were unable to resolve the matters that might have avoided the motion.

4. I have been familiar with this matter for some time, when Michael Grecco himself first contacted BDG with his demands in or around early 2019. When BDG was unable to reach agreement via its in-house counsel, BDG asked me to try to reason with Mr. Grecco. In those communications, I explained to Mr. Grecco that he should consider that his claims were time-barred. Mr. Grecco was not receptive to this argument.

5. The next time I heard about this matter was around May 2019, when the current action was filed in the Central District of California. Upon my move to MSK on June 17, 2019, I promptly staffed this matter with a midlevel associate with experience in copyright cases in this District. The associate took the lead on all aspects of the briefing of BDG's initial motion to dismiss the claim on statute of limitations grounds and the motion to dismiss and transfer for lack of personal jurisdiction. BDG prevailed on the motion to dismiss the claim on statute of limitations grounds.

6. On December 12, 2019, Michael Grecco Productions, Inc. ("Grecco") filed its First Amended Complaint ("FAC"). By that time, the associate previously assigned to the case moved to Dallas, where MSK does not have an office, so I brought in a new associate to step into the former associate's role. To assist with nuances of local practice in an efficient manner, I also requested that one of my Los Angeles-based partners be available for back-up as needed.[1]

7. On January 2, 2020, following some prior communication regarding allegations in the FAC, I emailed counsel for Grecco to note that its newly alleged unauthorized uses did not cure the deficiencies the Court identified in this Court's Order dismissing Grecco's Complaint (ECF No. 34), specifically noting that Grecco's FAC failed to plead facts to overcome the statute of limitations defense. In his reply and our subsequent telephone discussion of the merits regarding the issues BDG identified, Mr. Carreon disagreed as to the statute of limitations question, claiming that Grecco's amendments resolved the statute of limitations issue and that newly alleged claims related back to the date of the original complaint.

**Attorneys' Fees and Costs Request**

8. BDG seeks to recover $33,848 in attorneys' fees reasonably incurred in order to defend this action since December 13, 2019. These attorneys' fees are associated with, *inter alia*, the assessment of Grecco's FAC (ECF No. 35), along with BDG's renewed motion to dismiss. The latter included (i) meeting and conferring with counsel for Grecco regarding BDG's Motion to Dismiss; (ii) conducting factual and legal research and analysis; (iii) drafting and filing BDG's

[1] The prior associate was based in Los Angeles; the current lead associate is based in New York, a function of staffing availability at the time that the FAC was filed. While I am admitted to practice in California and split my time between the firm's offices in Los Angeles and New York City, New York is and has been my primary location of practice. To help efficiently spot local issues and to ensure that someone local would be available in the event of an in-person appearance at a time where I was not on one of my regular trips to Los Angeles, I asked one of my partners with experience in photography claims to serve in a back-up role. Any time for overlapping work was either not charged or was written off.

motion to dismiss Grecco's FAC (ECF No. 38), as well as the moving and reply papers in support of BDG's motion to dismiss Grecco's FAC, and (iv) preparing other related papers, such as the judgment. (*See*, *e.g.*, ECF Nos. 38, 42).

9. While a request to recover fees pertaining to the prior motion to dismiss on the merits would have been consistent with precedent, particularly as it led to the outcome of the full dismissal with prejudice, BDG has elected to seek fees pertaining only to the motion to dismiss the FAC. The conclusion to do so arises from the ease of the submission (i.e., avoiding the need to split up the time allocable to the two prior motions prepared by the associate who was previously on the case), as well as the recognition that fees are awarded under principles of equity. While Mr. Grecco may have and should have informed his counsel of the prior communications pertaining to the absence of timeliness of his claims, because he was self-represented at the time, BDG is providing him with the benefit of the doubt. However, the failure to comply with an express instruction of the Court, particularly having had the benefit of extensive briefing on the issue, is inexcusable. Nor could the attempt to inject a variety of novel claims and positions be justified on any reading of the Court's Order, not to mention the law. Nonetheless, our firm was required to expend material amounts of time addressing the new angles that Grecco asserted, albeit improperly, in his FAC. Moreover, having handled several copyright attorney's fees matters over the years, including in a case recently before the Court of Appeals for the Second Circuit, it is my view that the work on the motion to dismiss the FAC so clearly rises to the level set out in *Fogerty* and *Kirtsaeng* that recovery of the fees related to that stage should satisfy the principles of equity in this case. Nonetheless, particularly given the prior success and the inherent efficiencies in relying on previously submitted work as part of the prior motion to dismiss, the Court would be well within its discretion to award an additional amount if it deems prudent.

10. Attached hereto as **Exhibit A** are true and correct copies of invoices that MSK sent to BDG in connection with this matter. The invoices (two in total) reflect time billed on this matter from December 13, 2019 through January 31, 2020.[2]

11. Each attorney and paralegal who performed professional services for BDG in this case maintained a detailed time record of his or her services rendered and the time expended on a daily basis. These time records were entered into a computer database that is maintained by MSK's accounting and billing department in the ordinary course of business and is used to create monthly bills. The accounting and billing department generated preliminary reports (pre-bills) that were reviewed by me, as the primary litigation attorney responsible for this matter. I reviewed the entries for accuracy, and I revised them as necessary. As noted above, there was a transition in the team between the time of the filing of the first motion to dismiss and the motion to dismiss the FAC. Accordingly, so as to not prejudice the client by incurring cost that was related to the staffing change, I carefully reviewed all the bills and wrote off time pertaining to getting up to speed or time that I expended on work that the prior associate could have done. I also reduced the new associate's rate to match that of the prior associate, who was more junior than the new associate. Moreover, I greatly reduced research time.

12. The accounting and billing department entered any revisions made by me into a computerized database and generated the attached invoices therefrom. To help show some of the reductions more readily, I did not remove the internal time blocks shown in the narratives, many of which now do not match the total shown on the right side of the bills.

13. The hourly rates charged by MSK partners and associates are commensurate with, and in many cases lower than, those charged by other Los

[2] Non-public client contact information and certain banking numbers were redacted from the invoices. Should the Court wish to review the unredacted invoices, BDG will submit them for in *camera inspection*.

Angeles intellectual property and entertainment law firms of comparable size and reputation. MSK is a law firm of approximately 125 attorneys based in Los Angeles, with offices in New York and Washington, D.C. A substantial part of our firm's litigation practice involves the representation of clients in the entertainment and media industries.

14. The attorneys and paralegals assigned to represent BDG in this matter are identified in the chart below, which reflects time billed from December 13, 2019 through January 31, 2020.[3] As reflected in the chart and accompanying invoices, my hourly rate slightly increased at the start of 2020 following careful consideration by MSK of the value pertaining to the rate and the market for the type of service I render. As the cases cited in the accompanying Memorandum of Law reflect, the hourly rates identified below are reasonable in light of the billers' experience level and backgrounds, and the qualifications of the primary billers, are detailed below:

| Name | Title/Experience | Hourly Rate | Hours | Fees Incurred |
|---|---|---|---|---|
| Eleanor M. Lackman | Partner | $570.00 | 5.1 | $2,907.00 |
| | | $605.00 | 10.4 | $6,292.00 |
| Bradley Mullins | Partner | $650.00 | 0.6 | $390.00 |
| Albina Gasanbekova | Associate | $425.00 | 49.4 | $20,995.00 |
| Adé T.W. Jackson | Associate | $350.00 | 6.3 | $2,205.00 |
| Charlene Chang | Paralegal | $265.00 | 2.4 | $636.00 |
| Dalton Kniss | Paralegal | $235.00 | 1.8 | $423.00 |
| | | **TOTAL** | **76.0** | **$33,848.00** |

15. I earned my J.D. from Fordham University School of Law in 2003. My entire career has focused primarily on litigation of copyright and trademark cases. My prior work history includes litigating numerous copyright cases involving early motions on the merits, and my intellectual property work has been

[3] A short supplemental submission reflecting the time billed on this matter in connection with the instant motion for fees and costs will be filed as soon as practicable.

Mitchell Silberberg & Knupp LLP

recognized by *Chambers USA*, *Super Lawyers*, *Variety*, *Law360* and other leading legal publications. A significant portion of my IP work has been handled for clients in the media and entertainment industries, and I have represented BDG in various copyright and trademark matters since early 2014.  I have also spoken on time-based copyright defenses at an American Intellectual Property Law Association national conference, and I was lead counsel on one of the cases cited prominently in the motion papers, *Minden v. BuzzFeed*.  This experience allowed for an efficient approach without the need to spend as much time assessing various legal angles as might ordinarily be required.  I have served as lead counsel in this matter and supervised and counseled on all aspects of this litigation, including reviewing and revising every filing submitted on behalf of BDG in this action, including the motion papers in support of its motions to dismiss.

16.     Bradley Mullins is also Partner at MSK.  He is a 2010 graduate of Columbia Law School and has been practicing intellectual property law for over 10 years.  Mr. Mullins focuses his practice on entertainment and intellectual property litigation, representing many leading businesses and individuals in the music, video game, and film and television industries, as well as emerging and established technology businesses.

17.     Ms. Gasanbekova is a fourth-year litigation associate in MSK's litigation and international disputes practice groups.  Ms. Gasanbekova is a 2015 graduate of Georgetown University Law Center, and her practice has focused on federal litigation matters involving foreign sovereigns and international organizations; she also has represented entertainment and media clients in intellectual property disputes.

18.     Adé T.W. Jackson is a first-year litigation associate in MSK's litigation group.  Mr. Jackson is a 2019 graduate of University of California Los Angeles School of Law and was a judicial extern to the Honorable Susan Illston United States District Court for the Northern District of California.

19. Ms. Chang and Mr. Kniss are paralegals who assisted with cite-checking and finalizing BDG's motion to dismiss, reply papers and supporting documentation for filing. Mr. Kniss has worked as a paralegal for over four years and supports the litigation department in a wide range of litigation matters. Ms. Chang has worked as a paralegal for over five years and also assists attorneys in MSK's litigation department.

20. All attorneys and paralegals staffed to litigate this matter were responsible for different tasks, and there was little to no duplication of efforts between us. Any duplication of effort was written off, and work that I did that was more on an associate level was greatly reduced. As noted above, I reduced rates and otherwise adjusted the bill downward to ensure consistency in value for the client. This case was leanly staffed, with one associate handling the majority of the work under my supervision, with additional associate enlisted to look into some newer issues pertaining to Grecco's FAC.

21. The number of hours the MSK team spent on this case is comparable, or less than, most motions of similar scope. In my experience in this case and in representing clients in many similar cases over the years, the number of hours spent, the tasks performed and the staffing were reasonable and appropriate. It should be noted that BDG has not included in the calculation any of the significant time and energy (and expense) incurred by BDG's in-house counsel overseeing this matter. We repeatedly advised counsel for Grecco during the course of this matter, and Mr. Grecco before them, of the untimeliness of its claims against BDG. Ultimately, we secured a dismissal of all claims on behalf of BDG, with prejudice.

22. BDG also seeks to recover $145.93 in costs for messenger and courier costs, as well as photocopying and document processing costs, which pertains solely to BDG's successful second motion to dismiss the claims. Such expenses normally are billed to clients and were billed here, are reasonable in amount, and were necessary to the litigation.

23. Based on my personal knowledge of the work performed in this case, my review of the Motion and supporting documents, and the information gathered under my direction and supervision regarding the billing narratives, I believe that the amounts claimed in the Motion are reasonable. BDG has paid in full all currently-due invoices pertaining to this matter.

I certify under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on this 11th day of March, 2020.

Eleanor M. Lackman

# Exhibit A



MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

BDG Media, Inc.
315 Park Avenue South
New York, NY 10010

Atty No.: 00750
Client ID: 49909-2
Invoice: 411649

March 9, 2020

**LEGAL SERVICES RENDERED** through February 29, 2020

| | | |
|---|---|---|
| Re: Michael Grecco Productions | 5,534.50 | |
| | | 5,534.50 |
| Sub-total: | | $5,534.50 |
| Less payment received on 03/01/2020 | | (5,534.50) |
| Balance: | | 0.00 |

2049 Century Park East, 18th Floor, Los Angeles, California 90067
Phone: (310) 312-2000 Fax: (310) 312-3100 TIN: 95-1883538

Exhibit A, Page 10



BDG Media, Inc.
[redacted]
315 Park Avenue South
New York, NY 10010
[redacted]

Atty No.: 00750
Client ID: 49909-2
Invoice: 411649

March 9, 2020
Page 2

**Michael Grecco Productions**

**Fees through February 29, 2020:**

| | | | | |
|---|---|---|---|---|
| 12/13/19 | Confer with Eleanor Lackman (0.2); start reviewing case documents for purposes of preparing motion to dismiss (0.4) | A. GASANBEKOVA | 0.20 | 85.00 |
| 12/13/19 | Review incoming amended complaint; conference with A. Gasanbekova regarding approach on same. | E LACKMAN | 0.50 | 285.00 |
| 12/14/19 | Review and analyze amended complaint, court order, and motions papers (3.3); research the application of a separate accrual rule in statute of limitations under copyright law (1.1). | A. GASANBEKOVA | 1.10 | 467.50 |
| 12/16/19 | Continue reviewing case documents and conduct legal research into separate-accrual rule (3.1) and correspond with E. Lackman re next steps (0.6); review the Central District of California local rules and court's standing order in connection to filing motions (0.2). | A. GASANBEKOVA | 1.20 | 510.00 |
| 12/18/19 | Confer with E. Lackman about next steps on motion to dismiss and a request for extension (0.3); preliminary research into relate-back doctrine with a focus on copyright law and review and analyze the original complaint (1.7). | A. GASANBEKOVA | 2.00 | NO CHARGE |



BDG Media, Inc.
315 Park Avenue South
New York, NY 10010

Atty No.: 00750
Client ID: 49909-2
Invoice: 411649

March 9, 2020
Page 3

| | | | | |
|---|---|---|---|---|
| 12/18/19 | Draft note to opposing counsel regarding extension of time to respond to amended complaint. | E LACKMAN | 0.20 | 114.00 |
| 12/19/19 | Continue research the Ninth and Second Circuits law on the application of the relate-back principle under the statute of limitations in copyright law. | A. GASANBEKOVA | 1.30 | 552.50 |
| 12/22/19 | Review and revise stipulation to extend time; review proposed order. | E LACKMAN | 0.10 | 57.00 |
| 12/26/19 | Correspond with E. Lackman re: strategy for motion to dismiss. | A. GASANBEKOVA | 0.80 | 340.00 |
| 12/26/19 | Review and analyze first amended complaint and exhibits (0.8); draft notes pertaining to Grecco allegations (1.2); draft message to client with questions regarding alleged re-upload (0.7); review ValueWalk case (0.2); check Copyright Office records (0.6). | E LACKMAN | 3.50 | 1,995.00 |
| 12/27/19 | Review correspondence re: the registration of Flashlight Photograph. | A. GASANBEKOVA | 0.10 | 42.50 |
| 12/31/19 | Researching how new allegations in an amended complaint do not qualify for the relation back doctrine such that the new allegations are invalid as outside the statute of limitations (2.5). | A. JACKSON | 1.80 | 630.00 |
| 12/31/19 | Draft memo to A. Jackson regarding research issues and strategy for revived motion to dismiss. | E LACKMAN | 0.80 | 456.00 |

Total Fees: $5,534.50



msk

BDG Media, Inc.
[redacted]
315 Park Avenue South
New York, NY 10010
[redacted]

Atty No.: 00750
Client ID: 49909-2
Invoice: 411649

March 9, 2020
Page 4

**Billing Summary**

| Name | Hours | | Rate | | Fees |
|---|---|---|---|---|---|
| E LACKMAN | 5.10 | hours at | $570.00 | = | 2,907.00 |
| A. GASANBEKOVA | 4.70 | hours at | $425.00 | = | 1,997.50 |
| A. JACKSON | 1.80 | hours at | $350.00 | = | 630.00 |
| SUMMARY TOTALS | 11.60 | | | | 5,534.50 |



MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

BDG Media, Inc.
[REDACTED]
315 Park Avenue South
New York, NY 10010
[REDACTED]

Atty No.: 00750
Client ID: 49909-2
Invoice: 411653

March 9, 2020

**LEGAL SERVICES RENDERED** through January 31, 2020

| | | | |
|---|---|---|---|
| Re: | Michael Grecco Productions | 28,313.50 | |
| | Disbursements and charges per attached | 145.93 | |
| | | | 28,459.43 |
| Subtotal - current charges: | | | 28,459.43 |
| Less payment received on 03/01/2020: | | | (3,001.00) |
| TOTAL DUE: | | | $25,458.43 |

2049 Century Park East, 18th Floor, Los Angeles, California 90067
Phone: (310) 312-2000 Fax: (310) 312-3100 TIN: 95-1883538



BDG Media, Inc.
[redacted]
315 Park Avenue South
New York, NY 10010

Atty No.: 00750
Client ID: 49909-2
Invoice: 411653

March 9, 2020
Page 2

**Michael Grecco Productions**

**Fees through January 31, 2020:**

| Date | Description | Timekeeper | Hours | Amount |
|---|---|---|---|---|
| 01/02/20 | Draft motion to dismiss and perform legal research for same. | A. GASANBEKOVA | 8.80 | 3,740.00 |
| 01/02/20 | Researching whether statutory damages or attorney's fees are available to our opponent because the photo was registered with CPO after the first alleged use (2.5); writing email to E. Lackman of findings on Ninth Circuit authority for statutory damages or attorney's fees being unavailable when the infringing conduct commences before official registration of a work and attaching applicable authority from the Ninth Circuit (2.5). | A. JACKSON | 3.00 | 1,050.00 |
| 01/02/20 | Conference with A. Gasanbekova regarding approach to motion to dismiss (0.6); review and comment on information from client about photo usage (0.7); pull law on motions to dismiss statutory damages and attorney's fees (0.7); outreach to opposing counsel regarding pre-motion meet and confer (0.3). | E LACKMAN | 2.30 | 1,391.50 |
| 01/03/20 | Continue drafting motion to dismiss (10.9) correspond with E. Lackman re: arguments (.8). | A. GASANBEKOVA | 7.00 | 2,975.00 |



BDG Media, Inc.
[redacted]
315 Park Avenue South
New York, NY 10010

Atty No.: 00750
Client ID: 49909-2
Invoice: 411653

March 9, 2020
Page 3

| | | | | |
|---|---|---|---|---|
| 01/03/20 | Researching authority opposition intended to rely on for argument that amended complaint relates back to original complaint and proposing strategies for distinguishing from these cases (1.5). | A. JACKSON | 1.50 | 525.00 |
| 01/03/20 | Conference with R. Carreon regarding bases for motion (0.4); correspondence with A. Gasanbekova regarding drafting of motion to dismiss (0.5). | E LACKMAN | 0.90 | 544.50 |
| 01/04/20 | Draft Flashlight Photo section of motion to dismiss and fees point of motion to dismiss; revise introduction, background, and Hallway Photo section. | E LACKMAN | 2.20 | 1,331.00 |
| 01/05/20 | Revise/finalize brief in support of motion to dismiss and coordinate with legal team re: same. | A. GASANBEKOVA | 2.90 | 1,232.50 |
| 01/06/20 | Finalize motion to dismiss and coordinate filing of the same. | A. GASANBEKOVA | 3.50 | NO CHARGE |
| 01/06/20 | Revise memo of law in support of motion to dismiss (0.2); confer with A. Gasanbekova regarding motion (0.2) | B. MULLINS | 0.40 | 260.00 |
| 01/06/20 | Proof and cite check motion to dismiss amended complaint (1.8) | D. KNISS | 1.80 | 423.00 |
| 01/14/20 | Correspondence with B. Mullins regarding court conference; draft note to R. Carreon regarding mandatory discovery schedule. | E LACKMAN | 0.50 | 302.50 |



msk

BDG Media, Inc.
[redacted]
315 Park Avenue South
New York, NY 10010
[redacted]

Atty No.: 00750
Client ID: 49909-2
Invoice: 411653

March 9, 2020
Page 4

| | | | | |
|---|---|---|---|---|
| 01/16/20 | Call to Chambers regarding scheduling conference (0.1); confer with E. Lackman regarding same (0.1) | B. MULLINS | 0.20 | 130.00 |
| 01/18/20 | Correspond with E. Lackman re: Opposition and strategy for Reply. | A. GASANBEKOVA | 0.60 | 255.00 |
| 01/18/20 | Review opposition papers; prepare outline for response and instructions for follow up. | E LACKMAN | 1.00 | 605.00 |
| 01/19/20 | Conduct legal research regarding the Local Rule 7-3 and start drafting Reply. | A. GASANBEKOVA | 6.80 | 2,890.00 |
| 01/20/20 | Continue drafting Reply and perform legal research for same. | A. GASANBEKOVA | 7.10 | 3,017.50 |
| 01/21/20 | Conduct legal research regarding tolling of the Copyright Act's statute of limitations and continue drafting Reply. | A. GASANBEKOVA | 4.00 | 1,700.00 |
| 01/22/20 | Draft declaration in support of Reply; coordinate with staff re: assembling exhibits for same (1.2); finalize Reply and correspond with E. Lackman re: same (8.0) | A. GASANBEKOVA | 3.20 | 1,360.00 |
| 01/22/20 | Review and revise reply memo of law and declaration on motion to dismiss. | E LACKMAN | 1.60 | 968.00 |
| 01/23/20 | Correspond with E. Lackman re: filing (0.1); coordinate with Yvette Molinaro regarding staffing (0.2). | A. GASANBEKOVA | 0.30 | 127.50 |
| 01/24/20 | Finalize Reply for filing. | A. GASANBEKOVA | 4.00 | 1,700.00 |
| 01/24/20 | Prepare cite check to reply to motion to dismiss. | C. CHANG | 2.40 | 636.00 |



BDG Media, Inc.
315 Park Avenue South
New York, NY 10010

Atty No.: 00750
Client ID: 49909-2
Invoice: 411653

March 9, 2020
Page 5

| | | | | |
|---|---|---|---|---|
| 01/24/20 | Review and revise full reply brief. | E LACKMAN | 1.90 | 1,149.50 |

Total Fees: $28,313.50

**Billing Summary**

| Name | Hours | | Rate | | Fees |
|---|---|---|---|---|---|
| B. MULLINS | 0.60 | hours at | $650.00 | = | 390.00 |
| E LACKMAN | 10.40 | hours at | $605.00 | = | 6,292.00 |
| A. GASANBEKOVA | 44.70 | hours at | $425.00 | = | 18,997.50 |
| A. JACKSON | 4.50 | hours at | $350.00 | = | 1,575.00 |
| C. CHANG | 2.40 | hours at | $265.00 | = | 636.00 |
| D. KNISS | 1.80 | hours at | $235.00 | = | 423.00 |
| SUMMARY TOTALS | 64.40 | | | | 28,313.50 |

**Costs Advanced and In-House Services:**

| | | | |
|---|---|---|---|
| 01/27/20 | Messenger Service/First Legal Network - USDC - Los Angeles, 01/07/20 | 32.18 | |
| 01/31/20 | Word Processing | 113.75 | |
| | Total Costs: | | $145.93 |
| | Total Fees & Costs: | | $28,459.43 |



msk
MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

BDG Media, Inc.
[redacted]
315 Park Avenue South
New York, NY 10010
[redacted]

Atty No.: 00750
Client ID: 49909-2
Invoice: 411653

March 9, 2020

# REMITTANCE

**(please include with payment)**

| | |
|---|---|
| Current Fees: | 28,313.50 |
| Current Disbursements: | 145.93 |
| **Total Current Charges - This Invoice:** | **$28,459.43** |
| Less payment received on 03/01/2020: | (3,001.00) |
| TOTAL DUE: | $25,458.43 |

**Please remit to:**
Mitchell Silberberg & Knupp LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067

[redacted]

***** Please Include Invoice Number with Payment *****

☐ I am able to receive future statements via email. Please send them to:

Contact name: ______________________________

Email address: ______________________________

2049 Century Park East, 18th Floor, Los Angeles, California 90067
Phone: (310) 312-2000 Fax: (310) 312-3100 TIN: 95-1883538