ELEANOR M. LACKMAN (SBN 298594)
  eml@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
BDG Media, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC. d/b/a MICHAEL GRECCO PHOTOGRAPHY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BDG MEDIA, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. 2:19-cv-04716-AB-KS<br><br>Honorable André Birotte Jr.<br><br>**DEFENDANT BDG MEDIA, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 17 U.S.C. § 505**<br><br>Date: April 17, 2020<br>Time: 10:000 a.m.<br>Location: United States Courthouse, Courtroom 7B<br>350 W First Street<br>Los Angeles, CA 90012 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................1

II. GRECCO'S OPPOSITION IS UNTIMELY AND VIOLATES THE LOCAL RULES OF THIS COURT ............................................................2

III. BDG'S MOTION FOR ATTORNEYS' FEES AND COSTS SHOULD BE GRANTED UNDER 17 U.S.C. § 505 ......................................................3

    A. BDG Is The Prevailing Party ................................................................3

    B. A Fees Award Would Serve The Purposes Of The Copyright Act ......3

    C. BDG's Degree Of Success Strongly Favors An Award Of Fees..........4

    D. Grecco Cannot Reasonably Dispute That Its Time-Barred Lawsuit Was Anything But Objectively Unreasonable .......................................6

    E. Grecco's Claim Is Improperly Motivated ..............................................8

    F. An Award of Attorneys' Fees Is Necessary To Deter Misuse Of The Court's Resources By Plaintiffs Like Grecco.............................10

IV. THE AMOUNT OF FEES SOUGHT BY BDG IS REASONABLE...........12

V. BDG IS ALSO ENTITLED TO FEES INCURRED IN CONNECTION WITH THIS MOTION AND GRECCO'S EX PARTE APPLICATION....15

VI. CONCLUSION ................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Bridgeport Music, Inc. v. Diamond Time, Ltd.*,
371 F.3d 883 (6th Cir. 2004) ......................................................................... 4, 12

*Bridgeport Music, Inc. v. WB Music Corp.*,
520 F. 3d 588 (6th Cir. 2008) ............................................................................ 11

*Camacho v. Bridgeport Financial, Inc.*,
523 F.3d 973 (9th Cir. 2008) ............................................................................. 15

*Chivalry Film Prods. v. NBC Universal, Inc.*,
2007 WL 4190793 (S.D.N.Y. Nov. 27, 2007) .................................................. 11

*DuckHole Inc. v. NBCUniversal Media LLC*,
2013 WL 5797204 (C.D. Cal. Oct. 25, 2013) ................................................... 11

*Fantasy Inc. v. Fogerty*,
1995 WL 261504 (N.D. Cal. May 2, 1995) ...................................................... 15

*Fantasy, Inc. v. Fogerty*,
94 F.3d 553 (9th Cir. 1996) ................................................................................. 3

*Fischer v. SJB–P.D. Inc.*,
214 F.3d 1115 (9th Cir.2000) ............................................................................ 13

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994) ......................................................................................... 4, 9

*Fox v. Vice*,
563 U.S. 826 (2011) ........................................................................................... 14

*Garcia v. Resurgent Capital Servs., L.P.*,
2012 WL 3778852 (N.D. Cal. Aug. 30, 2012) .................................................. 14

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ........................................................................................... 15

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*,
755 F.3d 1038 (9th Cir. 2014) ............................................................................. 5

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Kirtsaeng v. John Wiley & Sons, Inc.*,
    136 S. Ct. 1979 (2016) .................................................................................... 6

*Love v. Mail on Sunday*,
    2007 WL 2709975 (C.D. Cal. Sept. 7, 2007) ................................................ 12

*Lytle v. Carl*,
    382 F.3d 978 (9th Cir. 2004) ........................................................................ 14

*Malibu Media, LLC v. Doe*,
    2015 WL 4092417 (S.D.N.Y. July 6, 2015) ................................................... 9

*Maloney v. T3Media, Inc.*,
    2015 WL 3879634 (C.D. Cal. May 27, 2015) ......................................... 12, 14

*Michael Grecco Prods., Inc. v. WrapMarket, LLC*.
    2017 WL 10434020 (C.D. Cal. Nov. 8, 2017) .............................................. 10

*Miller v. 4Internet, LLC*,
    2020 WL 104852 (D. Nev. Jan. 8, 2020) ........................................................ 9

*Minden Pictures, Inc. v. BuzzFeed, Inc.*,
    390 F. Supp. 3d 461 (S.D.N.Y. 2019) ............................................................ 6

*Novelty Textile Inc. v. Wet Seal Inc.*,
    2014 WL 12603499 (C.D. Cal. Oct. 22, 2014) ............................................... 9

*NWS Corp. v. Dish Network, LLC*,
    2014 WL 769175, at *9 (S.D. Cal. Feb. 25, 2014) ....................................... 13

*Otto v. Hearst Commc'ns, Inc.*,
    2020 WL 377479 (S.D.N.Y. Jan. 23, 2020) .................................................. 10

*Perfect 10, Inc. v. Giganews, Inc.*,
    2015 WL 1746484 (C.D. Cal. Mar. 24, 2015) .............................................. 10

*Scott v. Meyer*,
    2010 WL 2569286 (C.D. Cal. Jun. 21, 2010) ............................................ 8, 11

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*T-Peg, Inc. v. Vt. Timber Works, Inc.*,
    669 F.3d 59 (1st Cir. 2012) ..................................................................................7

*Torah Soft Ltd. v. Drosnin*,
    2001 WL 1506013 (S.D.N.Y. Nov. 27, 2001) ......................................................8

**STATUTES**

17 U.S.C. § 505................................................................................................. 1, 3, 4

**OTHER AUTHORITIES**

Local Rule
    7-3 .......................................................................................................................12
    7-9 .........................................................................................................................2
    7-12 .......................................................................................................................2

Rule 12(b)(6)............................................................................................................4

## I. INTRODUCTION[1]

Grecco's untimely Opposition fails to counter the simple fact that BDG was forced to defend against a claim that both parties effectively conceded was untimely. Its lengthy motion focuses primarily on the notion that Grecco is a supposed "victim," ignoring entirely that liability was never established at any time.[2] Similarly, the papers evade the fact that Grecco elected to sue despite prior settlement discussions – during which Grecco was informed that his claim was likely to be quickly dismissed. The truth is the facts and law never supported Grecco bringing this action, and Grecco knew it, yet Grecco pursued its claims for copyright infringement against BDG regardless, assuming the risk that it would bear some or all of the cost of its gamble. In its Opposition, Grecco merely recycles the same untenable positions that it maintained throughout this matter. Absent is any effort to explain how it could, in good conscience, maintain a timely copyright infringement lawsuit through two rounds of motion practice when the facts and law clearly demonstrated Grecco had no valid claim against BDG.

Nothing in Grecco's Opposition changes the fact that its lawsuit was objectively unreasonable, and its failure to follow the Court's express instructions was particularly so. A fees award here will further the purposes of the Copyright Act and deter actions, like this one, that amount to little more than ill-advised attempts to pressure media companies like BDG into outsized settlements seeking amounts based almost entirely on avoiding the costs of litigation, rather than any actual harm to photographers. As argued herein and BDG's moving papers, these facts strongly support an award for attorneys' fees under 17 U.S.C. § 505.

---

[1] Unless otherwise noted, the defined terms used herein have the same meaning as in BDG's Motion (ECF No. 47).

[2] Indeed, it is common knowledge that studios frequently distribute publicity stills to the media to help promote the studios' entertainment properties. Had discovery proceeded, BDG may have been able to show that the use was licensed or that Grecco is not the owner of the copyrights in the X-Files photographs.

1

**DEFENDANT BDG MEDIA, INC.'S REPLY IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

Mitchell Silberberg & Knupp LLP

Grecco's attacks on the reasonableness of BDG's fee request fares no better. Grecco ultimately complains of just two out-of-context entries. In truth, BDG offered detailed statements describing the reasonable fees it incurred in connection with its renewed motion to dismiss. It was Grecco's (and its counsel's) failure to exercise due care, and unreasonable prosecution of this matter, that resulted in those fees. Grecco cannot present any valid basis for reducing its monetary responsibility for the entire amount of fees incurred due to Grecco's prosecution of this meritless lawsuit, and BDG's motion should be granted in its entirety.

## II. GRECCO'S OPPOSITION IS UNTIMELY AND VIOLATES THE LOCAL RULES OF THIS COURT

As a threshold matter, the Court should reject Grecco's Opposition altogether as untimely (much like its lawsuit). Under the Local Rules, Grecco's Opposition was due "not later than twenty-one (21) days before the date designated for the hearing of the motion," or, in this case, by no later than March 20, 2020. L.R. 7-9. Grecco, however, filed its Opposition five days late, on March 25, 2020.

Given Grecco's concededly untimely filing, the Court may decline to consider the late Opposition or deem it as consent to granting the motion. *See* L.R. 7-12. Grecco's contention that "the belated nature" of its Opposition was due to the uncertainty created by the pending adjudication of its *ex parte* application is unpersuasive. Grecco was on notice of BDG's motion for attorneys' fees and costs as of March 11, 2020. If Grecco needed more time to prepare its Opposition, it could have asked for it. Tellingly, Grecco did not move for *ex parte* relief immediately, but instead waited until March 19, 2020—eight days after BDG filed its motion for attorneys' fees, and only one day before its opposition to this motion was due—to file its half-hearted and unsupported *ex parte* application. The Court may appropriately consider these factors in deciding whether to consider Grecco's Opposition or the weight to be given to the arguments made therein. Because of

the significantly late filing, BDG respectfully asks the Court to disregard the Opposition on this basis and grant its motion for attorneys' fees.

### III. BDG'S MOTION FOR ATTORNEYS' FEES AND COSTS SHOULD BE GRANTED UNDER 17 U.S.C. § 505

#### A. BDG Is The Prevailing Party

Even if the Court considers Grecco's untimely Opposition, there is ample reason to grant BDG's motion on the merits. There is no dispute that Section 505 of the Copyright Act provides that attorneys' fees may be awarded to the prevailing party in a copyright action. 17 U.S.C. § 505. And as the Ninth Circuit has emphasized, an award of attorneys' fees requires no finding of culpability on the part of the losing party. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556 (9th Cir. 1996) (fee award is proper despite the fact that the "lawsuit was neither frivolous nor prosecuted in bad faith"). Given the full dismissal of Grecco's claims, BDG is the prevailing party, as Grecco concedes. *See* Mot. at 5-7; Opp'n at 3 ("BDG did advance an ultimately successful defense on the statute of limitations[.]").

#### B. A Fees Award Would Serve The Purposes Of The Copyright Act

Contrary to Grecco's arguments otherwise, an award of fees here would serve the purposes of the Copyright Act, both by discouraging meritless lawsuits, and by compensating defendants for having to defend against baseless and untimely claims. *Fogerty*, 94 F.3d at 559 ("While it is true that one of the goals of the Copyright Act is to discourage infringement, it is by no means the only goal of that Act."). As the Ninth Circuit has recognized, one of the Copyright Act's purposes is "to encourage 'defendants who seek to advance a variety of meritorious copyright defenses to litigate them[,]'" as BDG did here. *Id*. at 557.

Grecco attempts to argue that the "technical" dismissal of this action as time barred was "more a product of the timing of [Grecco's] filing and the Court's dissatisfaction of [Grecco's] pleading rather than absolution for BDG's conduct." Opp'n at 3-4. Grecco's inability to support this argument with authority is

unsurprising, given the argument's fundamental flaws. As an initial matter, such a rule would discourage defendants from resolving untimely claims as early as possible on a limitations defense, even though such a resolution could avoid much of the expense required to pursue other defenses.[3] Moreover, courts regularly award fees in cases decided by the application of the statute of limitations, motions filed under Rule 12(b)(6), and other procedural victories. *See*, *e.g.*, *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 897 (6th Cir. 2004) (affirming award of attorneys' fees where defendants prevailed on the Copyright Act's statute of limitation defense); *see also* Mot. at 8 (collecting cases). Grecco fails to even mention any of these authorities, much less attempt to distinguish them.

The purpose of copyright law is not to encourage nuisance suits or cost-of-litigation settlements. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 532 n.18 (1994) (Section 505 recognizes "the important role played by copyright defendants" in advancing the objectives of the Copyright Act.). The Court should not penalize BDG for opting to defend itself instead of paying Grecco a windfall. Only by making BDG whole would this Court ensure that defendants in BDG's position are encouraged to pursue their meritorious defenses, rather than accede to settlement demands simply to avoid the costs of successful motion practice.

### C.   BDG's Degree Of Success Strongly Favors An Award Of Fees

Again, the Supreme Court has made clear that "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty*, 510 U.S. at 527. This is because, as a general matter, "[a] successful defense furthers the purposes of the Copyright Act just as

---

[3] This case actually serves as a prime example of this issue. While BDG believes that Greccos's claims were substantively baseless, it elected to seek dismissal based on the statute of limitations to avoid incurring more fees to defeat Grecco's claims on the merits. ECF No. 47-1, ¶ 7. This election has no relevance to the strength of Grecco's claims, and BDG's efforts to limit this litigation as much as possible should be encouraged, not penalized.

1 much as a successful infringement suit does." *Inhale, Inc. v. Starbuzz Tobacco,*
2 *Inc.*, 755 F.3d 1038, 1043 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 758 (2014).

3 Grecco argues that the degree of success obtained here is mitigated by the
4 fact that "all infringements have since been removed from BDG's website,"
5 suggesting that despite having all of its claims dismissed with prejudice, Grecco
6 somehow achieved a partial victory in connection to its claim for injunctive relief.
7 Opp'n at 5. As has been true throughout this litigation, when confronted with
8 controlling legal standards precluding its desired result, Grecco simply invents a
9 new rule. Here, it creates a novel theory under which a plaintiff "prevails" even in
10 the face of a full loss, simply because a defendant voluntarily chooses to remove
11 old content from its website promptly upon receiving notice of the claim. Not only
12 is there no legal support for Grecco's position, but accepting such a theory would
13 create perverse incentives. Defendants would actually be discouraged from
14 voluntarily removing content in the face of meritless claims, because doing so
15 could be used against them in a future fees motion. Grecco's false characterization
16 of its "success" is illogical and unsupported, and should be disregarded.

17 Grecco's remaining arguments ignore the findings of this Court and existing
18 case law. For example, Grecco's assertions about BDG's "continued use" of the
19 photographs have no relevance here. Opp'n at 5. As BDG previously explained,
20 the one-time posting of an allegedly infringing article online does not constitute a
21 continuing violation, and the only relevant dates of alleged infringement here are
22 the dates the articles were published. ECF No. 17 at 8-9 (citing cases). Grecco
23 never disputed or otherwise addressed BDG's position, and it certainly cannot do
24 so now. ECF No. 25 at 6 n.2. The reality is that this Court twice dismissed
25 Grecco's claims as time-barred. ECF No. 34; ECF No. 45. As such, the record of
26 this case is clear that Grecco advanced its unmeritorious positions at every turn and

Mitchell Silberberg & Knupp LLP

5

DEFENDANT BDG MEDIA, INC.'S REPLY IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

lost. BDG secured a complete dismissal of Grecco's claims and its degree of success weighs heavily in favor of an award of fees.

### D. Grecco Cannot Reasonably Dispute That Its Time-Barred Lawsuit Was Anything But Objectively Unreasonable

In *Kirtsaeng v. John Wiley & Sons, Inc.*, the Supreme Court recognized that the "objective reasonableness" of a copyright claim carries "significant weight" when determining whether attorneys' fees should be awarded. 136 S. Ct. 1979, 1989 (2016). As BDG previously argued, Grecco's attempt to pursue untimely copyright infringement claims by relying on the "delayed discovery rule" was objectively unreasonable. Mot. at 7-9. Rather than explain the reasonableness of Grecco's specific belief as to why the delayed discovery applied here, Grecco disingenuously argues that the "contours of the 'reasonable diligence' standard" is unsettled. Opp'n at 5-6. Grecco does not cite a single legal authority recognizing any confusion as to the application of the discovery rule, because no confusion exists. That different cases, considering different facts, reach different results, does not mean that the standard applied in those cases is unsettled.[4] Here, it was Grecco's inability to allege *any* facts supporting the discovery rule that led to the dismissal of its claims, not any confusion as to the applicable standard.

In a further attempt to bolster the reasonableness of its claims, Grecco asserts that "the Court itself tacitly acknowledged that [Grecco]'s claim at least had the potential to be salvaged," because the Court initially granted Grecco leave to amend. Opp'n at 6. This is incorrect. The Court did not "tacitly acknowledge[]" any "potential" in Grecco's claims. To the contrary, the Court's first Order held that Grecco had failed to satisfy its burden to plead "plausible facts [and] explain[]

---

[4] Notably, Grecco does not even attempt to distinguish its delay from that in a recent case out of the Southern District of New York, *Minden Pictures, Inc. v. BuzzFeed, Inc.*, 390 F. Supp. 3d 461 (S.D.N.Y. 2019), which considered strikingly analogous facts. In *Minden*, the plaintiff – a "seasoned litigator" that had filed 36 lawsuits to enforce its copyrights – failed to exercise due diligence to discover the alleged infringement within the statutory time period despite being on constructive notice, and the case was dismissed as time-barred.

6

**DEFENDANT BDG MEDIA, INC.'S REPLY IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

why the delayed discovery rule is warranted," and gave Grecco the opportunity to cure those deficiencies, *if any such plausible facts existed*. Order (ECF No. 34) at 8. Grecco's amendment, however, actually proved that its lawsuit against BDG was unreasonable to begin with. Rather than curing the original Complaint's deficiencies, Grecco ignored the Court's ruling and instead added new facts about use and a new (also untimely) claim. As this Court concluded, Grecco's "FAC [went] beyond the scope of the amendment granted" and "[i]t was improper to include that additional claim." ECF No. 45 at 10, 13. A "district court applying *Fogerty* and its progeny may fashion a fee award for the purpose of discouraging 'overly aggressive litigation tactics' and encouraging parties 'to litigate in a more responsible, realistic manner.'" *T-Peg, Inc. v. Vt. Timber Works, Inc*., 669 F.3d 59, 62 (1st Cir. 2012) (*quoting Bridgeport Music*, Inc. v. WB Music Corp., 520 F.3d 588, 595 (6th Cir. 2008)). Adding new claims without permission, not to mention failing to do what the Court requested, is just the type of aggressive litigation tactic that should be discouraged.

Grecco also conveniently failed to disclose to BDG and this Court another recent ruling (issued before Grecco filed its Amended Complaint in this case) where Grecco's claims against a different defendant, based on the same photos at issue here, were also dismissed as time-barred. *See* ECF No. 44. So, in addition to being unwilling and unable to comply with this Court's directives, Grecco also chose to ignore the substantially similar ruling it received from another Court last autumn and, instead, filed an Amended Complaint in this case alleging no facts sufficient to warrant application of the discovery rule. Grecco's conduct in concealing this ruling and improperly continuing prosecution of this matter was objectively unreasonable. *T-Peg, Inc.*, 669 F.3d at 62 ("hard-ball litigation tactics ... merit an award of fees") (citing Nimmer on Copyright § 14.10[D][3][b] (2011)).

### E. Grecco's Claim Is Improperly Motivated

Grecco self-servingly argues that its "motivation in bringing this suit was to vindicate its legal rights." Opp'n at 7. But it is now indisputable that Grecco—despite two opportunities to do so—did not and could not allege any plausible facts to excuse its delay in bringing its untimely claim. A party like Grecco that "knowingly gambles on an unreasonable legal theory in order to achieve a secondary gain…," such as the leveraging of a settlement, is improperly motivated. *Torah Soft Ltd. v. Drosnin*, 2001 WL 1506013, at *5 (S.D.N.Y. Nov. 27, 2001).

An example of Grecco's tactics in this litigation clearly reflects Grecco's improper motivations. As the record in this case shows, both the Court (in its Order granting BDG's initial motion to dismiss) and BDG (in pre-motion discussions with counsel for Grecco) made clear that Grecco's allegations were insufficient to warrant application of the discovery rule, as necessary to bring Grecco's admittedly untimely claims. *See* Order (ECF No. 34) at 7-8; Lackman Decl., ¶ 7. When Grecco had the opportunity to amend, however, it largely ignored the deficiencies pointed out by the Court and by BDG, and instead improperly attempted to assert entirely new (and still untimely) claims relating to a previously undisclosed photograph. *See* Grecco's FAC, ¶¶ 24, 35-40; BDG's Mot. to Dismiss (ECF No. 38) at 6-7. Grecco's conduct was objectively unreasonable. *See Scott v. Meyer*, 2010 WL 2569286, at *3 (C.D. Cal. Jun. 21, 2010) (The Court was persuaded to award attorneys' fees after "[d]efendants were forced to defend against [p]laintiff's claims even after pointing out the fatal flaws from which her lawsuit suffered."). There is simply no logical explanation in pursuing an untimely claim for copyright infringement other than to extort an undeserved settlement payment from BDG. Mot. at 9-10.

Clearly, Grecco's motivation was not to "vindicate its rights", but to play a game to pressure BDG with threatened statutory damages of up to $150,000 in the

hope that BDG would find it less expensive to settle this action than to defend it. And despite Grecco's objection to the use of the term, several federal judges have found that what Grecco and his firm have done meets the very definition of a "troll." [5] *Malibu Media, LLC v. Doe*, 2015 WL 4092417, at *2 (S.D.N.Y. July 6, 2015) (a copyright troll "targets hundreds or thousands of defendants, seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim") (*quoting* Matthew Sag, *Copyright Trolling, an Empirical Study,* 100 Iowa L. Rev. 1105, 1108 (2015)); *see also Novelty Textile Inc. v. Wet Seal Inc*., 2014 WL 12603499, at *4 (C.D. Cal. Oct. 22, 2014) (copyright trolls "shak[e] Defendants down with claims that are not meritorious").

This underscores that Grecco's true motivation is improperly pecuniary and unrelated to any actual harm suffered. *See Fogerty*, 510 U.S. at 526 ("private motivation must ultimately serve the cause of promoting broad public availability of literature, music, and the other arts") (citation omitted). Grecco's attempt to paint itself as a "victim[] of a pernicious catch-22" (Opp'n at 9) is also unpersuasive. If Grecco was interested in "vindicating its rights" rather than in pressuring defendants to settle for several thousands of dollars simply to avoid the cost of litigation, this untimely lawsuit would not have been brought.[6]

---

[5] At least one court acknowledged Higbee's overwhelming use of a program to search the internet for potentially infringing uses of their clients' photographs arguably to force settlements or meritless lawsuits on persons who use the photos on their websites. *See Miller v. 4Internet, LLC*, 2020 WL 104852, at *6 (D. Nev. Jan. 8, 2020). Grecco's counsel's complaint that BDG improperly labeled it as a "copyright trolling" operation also makes no attempt to explain why so many publicly available sources warn of "copyright trolling by Higbee and Associates." Mot. at 10, n.1; *see also* Public Citizen, *Consumer Warning: Copyright Trolling by Higbee and Associates*, Feb. 12, 2019, available at https://pubcit.typepad.com/clpblog/2019/02/consumer-warning-copyright-trolling-by-higbee-and-associates.html.

[6] While Grecco claims that "the parties did not have any substantive settlement discussions at all," Grecco itself concedes that it "reach[ed] out to BDG prior to filing this lawsuit in order to … resolve the matter informally." Opp'n at 7.

9

**DEFENDANT BDG MEDIA, INC.'S REPLY IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

Mitchell Silberberg & Knupp LLP

Grecco's characterization of its "success" in vindicating its rights by obtaining favorable judgments on merits in other matters is also misleading. For example, Grecco trumpets its ability to obtain a $60,000 statutory damages award in one lawsuit, but conveniently omits the fact that the award in *Michael Grecco Prods., Inc. v. WrapMarket, LLC*. 2017 WL 10434020, at *5 (C.D. Cal. Nov. 8, 2017), was the result of a *default* judgment, and Grecco's position was never contested. The weight of authority is actually contrary to Grecco's ill-advised position. For example, in one of the most recent cases involving the use of a photograph in published material, the court expressly declined to award thousands of dollars of damages for the use of a photograph by a news organization and instead awarded the minimum statutory damages of $750. *See*, *e.g*., *Otto v. Hearst Commc'ns, Inc*., 2020 WL 377479, at *2 (S.D.N.Y. Jan. 23, 2020) (awarding statutory damages and declining to award attorneys' fees to a plaintiff).

### F. An Award of Attorneys' Fees Is Necessary To Deter Misuse Of The Court's Resources By Plaintiffs Like Grecco

As argued above, an award of attorneys' fees in this case is aligned with the goals of compensation and deterrence. Grecco's assertion that an award of attorneys' fees would "chill meritorious claims" (Opp'n at 10) is incorrect, and (again) unsupported by any authority. Grecco clearly confuses the policy and mechanics underlying the Copyright Act. An award of attorneys' fees to defendants like BDG will not discourage copyright holders to "properly invoke the delayed discovery rule" (Opp'n at 3, 10) or deter photographers from pursuing legitimate copyright claims. *See Perfect 10, Inc. v. Giganews, Inc*., 2015 WL 1746484, at *12 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017) (finding little concern that an award of attorneys' fees will discourage serial litigators from protecting their copyrights). Rather, it will discourage frivolous claims premised on bare-bone allegations that are facially untimely, and the delay unjustified. Declining to award fees, however, could have the reverse effect—

incentivizing plaintiffs to gamble with untimely lawsuits, despite having no facts warranting application of the discovery rule. *See Chivalry Film Prods. v. NBC Universal, Inc.*, 2007 WL 4190793, at *3 (S.D.N.Y. Nov. 27, 2007) ("denial of fees and costs to a prevailing defendant in an objectively unreasonable copyright case may spur additional frivolous lawsuits"); *see also Scott*, 2010 WL 2569286, at *3 ("Deterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and compensating parties that must defend themselves against meritless claims are both laudable ends."). And deterrence especially warrants a fee award to prevailing defendants where the plaintiff has a pattern of similar copyright lawsuits.[7] *See DuckHole Inc. v. NBCUniversal Media LLC*, 2013 WL 5797204, at *4 (C.D. Cal. Oct. 25, 2013) (awarding attorneys' fees against "sophisticated" plaintiff); *see also, e.g.*, *Michael Grecco Productions, Inc. v. Ziff Davis*, LLC, Case No. 19 Civ. 4776 (DSF) (C.D. Cal. Nov. 18, 2019).

Moreover, the deterrence factor applies to litigants' behavior throughout the case, not just the outset. "[M]otivating [a plaintiff] to sort through its claims applies with equal force to claims that become futile during the course of litigation as it does to claims that are objectively unreasonable at the outset." *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F. 3d 588, 595 (6th Cir. 2008). As BDG explained above, Grecco unreasonably prolonged this case by ignoring the Court's specific Order to plead plausible facts warranting application of the discovery rule and, instead, improperly alleging new untimely claims. Grecco's litigation tactics drove up the fees required for BDG's defense. An award of attorneys' fees in this

---

[7] This case is not the only one in which Grecco and its counsel have advocated this strategy. *See, e.g.*, *Michael Grecco Productions, Inc. v. Designtechnica Corporation, Inc.*, No. 18 Civ. 8391 (VEC) (S.D.N.Y. April 22, 2019); *Michael Grecco Productions Inc. v. Women.com, Inc., et al.*, No. 19 Civ. 4087 (AB) (GJS) (C.D. Cal. October 1, 2019); *Michael Grecco Productions, Inc. v. Tivo Corporation*, No. 19 Civ. 3966 (JSW) (C.D. Cal. January 6, 2020); *Michael Grecco Productions Inc. v. Warner Bros. Entertainment, Inc.*, et al., No. 19 Civ. 6598 (DMG) (MRW) (C.D. Cal. January 7, 2020). These cases were voluntarily dismissed either before the answer filed, or shortly after, suggesting the defendants determined the costs of litigating was not worth defending.

case will therefore deter "misuse of the court's resources and encourag[e] the prompt dismissal of clearly stale claims" in Grecco's dozens of pending cases. *Bridgeport Music, Inc. v. Diamond Time*, Ltd., 371 F.3d 883, 896 (6th Cir. 2004).

## IV. THE AMOUNT OF FEES SOUGHT BY BDG IS REASONABLE

Grecco also attempts to challenge—again without citing a single authority—the amount of attorneys' fees that BDG reasonably incurred to defend itself against a claim that should never have been brought. Grecco's attempt to avoid or reduce the reasonable and necessary amount of attorneys' fees sought should be rejected.

Grecco does not dispute that BDG's counsel rates are reasonable, or deny that they are entirely consistent with prevailing market rates. Opp'n at 11-13. Instead, Grecco claims that the amount of hours defense counsel spent on its motion to dismiss is "excessive," but its argument relies on mischaracterizations and self-serving conclusions. Opp'n at 12. For example, Grecco comments on the length of BDG's motion to dismiss (*id.*), but ignores the obvious truth that "shorter briefs often take longer to write." *Maloney v. T3Media, Inc.*, 2015 WL 3879634, at *7 (C.D. Cal. May 27, 2015). Grecco also quibbles that BDG's renewed motion to dismiss premised on the statute of limitations defense "require[d] little to no legal research." Opp'n at 12. That assertion is false. As Grecco well knows, its FAC also alleged unauthorized uses related to both a new alleged posting of the photograph at issue, and a new photograph not previously alleged in the original Complaint.[8] ECF No. 35, ¶¶ 35-40. Grecco's FAC thus raised entirely new issues—*e.g.*, application of the relation-back doctrine—that defense counsel had to thoroughly research and analyze.[9] *Love v. Mail on Sunday*, 2007 WL 2709975, at

---

[8] Grecco also conveniently omits the fact that Grecco also procedurally challenged BDG's motion to dismiss on the basis of non-compliance with the meet and confer requirement under Local Rule 7-3, which counsel for BDG had to also address in its briefings. ECF No. 38 at 2 n.1; ECF No. 42 at 3-5. Grecco's own tactics drove up additional attorneys' fees.

[9] The fact that BDG decided to address the relation-bank doctrine in its Reply does not mean counsel for BDG did not conduct its due diligence prior to moving to

12

**DEFENDANT BDG MEDIA, INC.'S REPLY IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

*10 (C.D. Cal. Sept. 7, 2007) ("Defending against an over-pled complaint packed with a barrage of convoluted allegations often requires more work than maintaining such an action requires."), *aff'd sub nom.*, *Love v. Associated Newspapers, Ltd.,* 611 F.3d 601 (9th Cir. 2010). And even though BDG's renewed motion to dismiss also addressed the statute of limitations defense at issue in its original motion to dismiss, Grecco cannot seriously dispute that any respectable attorney would and should vet every legal issue in a brief to ensure that they have at hand the most current case law.

Grecco's complaints about the reasonableness of the amount of fees incurred by BDG are particularly facetious here, given that BDG is only seeking fees for its renewed motion to dismiss, when it easily could have also sought the fees incurred in making its original motion. *See* ECF No. 47-1, at ¶ 9. Even more, Grecco ignores that BDG's time entries already reflect entries that have been voluntarily reduced or written-off completely, further illustrating why the amount sought here is entirely reasonable. *See id.*, at Ex. A, pgs. 15-16; *see also NWS Corp. v. Dish Network, LLC,* 2014 WL 769175, at *9 (S.D. Cal. Feb. 25, 2014) (finding reasonable fee request that "includes significant write offs"), *suppl.,* 2014 WL 1323179 (S.D. Cal. Apr. 1, 2014).

As for time entries, Grecco ignores the vast majority of BDG's appropriate entries, and instead singles out two that Grecco contends reflect "block billing." That baseless conclusion does not warrant consideration. As the Ninth Circuit has explained, block billing is not inappropriate *per se* when the party seeking fees meets the basic requirements of "listing his hours and identifying the general subject matter of his time expenditures." *Fischer v. SJB–P.D. Inc.,* 214 F.3d 1115, 1121 (9th Cir.2000) (internal quotations omitted). Here, by not addressing the vast

---

dismiss. Notably, Grecco found no issue with the amount of time counsel for BDG spent on the Reply. Opp'n at 12-13. That is because the amount is reasonable, and much of the reply was reliant on work done in preparing to make the initial motion, which anticipated arguments that Grecco might make in response.

majority of BDG's detailed time entries, Grecco concedes that they cannot be characterized as "block billing" and should not be reduced. *See Maloney*, 2015 WL 3879634, at *4 ("The party opposing a fee request must meet [its] burden with specific objections to specific billing entries.").

Nor can Grecco seriously dispute that even the supposed "block-billed entries are sufficiently detailed to allow the Court to determine the reasonableness of time expended[.]" *Garcia v. Resurgent Capital Servs., L.P.*, 2012 WL 3778852, at *8 (N.D. Cal. Aug. 30, 2012) (finding time entries "adequately documented" and declining to reduce fees request on the basis of block billing). The two entries singled out by Grecco go well beyond simply stating the "total daily time" spent on the case. Instead, the record describes a number of tasks the associate conducted in the relevant time periods—*e.g.*,"[c]onduct legal research regarding tolling of the Copyright Act's statute of limitations and continue drafting Reply." ECF No. 47-1, Ex. A, p. 17. As the Ninth Circuit has held, even "minimal" descriptions can be sufficient to support an award of attorneys' fees so long as "they establish that the time was spent on the matters for which" the party seeks fees. *See Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004). Notably, even Grecco does not argue that the amount of hours in each particular entry was an unreasonable amount of time to perform those tasks. *See Maloney*, 2015 WL 3879634, at *7 ("Plaintiffs' inability to articulate any specific task that took too long is itself evidence that Defendant's requested hours are reasonable."). Since BDG's time entries "identify the general subject matter of [its] time expenditures," they are entirely adequate to support BDG's fees request.[10] *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."). The Court should award the full amount of attorneys' fees and costs

---

[10] In its moving papers, BDG requested to award costs incurred in connection to its renewed motion to dismiss in amount of $145.93. Mot. at 17-18. Grecco's Opposition does not dispute BDG's request for costs is unreasonable.

14

**DEFENDANT BDG MEDIA, INC.'S REPLY IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

Mitchell Silberberg & Knupp LLP

requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").

## V. BDG IS ALSO ENTITLED TO FEES INCURRED IN CONNECTION WITH THIS MOTION AND GRECCO'S EX PARTE APPLICATION

Federal courts in statutory fee cases, including this one, "have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (*quoting In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-660 (9th Cir. 1985)); *see also Fantasy Inc. v. Fogerty*, 1995 WL 261504, at *7 (N.D. Cal. May 2, 1995) (awarding prevailing defendant "fees-on-fees"), *aff'd and remanded*, 94 F.3d 553 (9th Cir. 1996). Grecco does not quarrel with this rule.

BDG previously submitted invoices with billing entries that reflect the legal services provided by MSK LLP to BDG in defense of this action from December 2019 through January 2020. *See* ECF No. 47-1, Ex. A. Since then, BDG incurred $70,178.76 fees in connection with, *inter alia*, (i) this Motion and its supporting papers and (ii) BDG's Opposition to Grecco's *ex parte* application to stay this motion. Copies of BDG's invoices for February and March 2020 are included herewith, and these fees should be included in the ultimate award requested by the motion. *See* Reply Declaration of Eleanor Lackman, Ex. A.

## VI. CONCLUSION

For the foregoing reasons and reasons stated in the Motion, BDG respectfully requests this Court grant BDG's motion, and award it the full amount of fees and costs requested.

DATED: April 3, 2020                MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Eleanor M. Lackman*
    Eleanor M. Lackman
    Daniel M. Hayes
    Attorneys for Defendant
    BDG Media, Inc.

15

**DEFENDANT BDG MEDIA, INC.'S REPLY IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**