UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BDG MEDIA, INC.,<br><br>　　　　　Defendant. | Case No. 2:19-cv-04716-AB-KS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS [DKT. NO. 47]** |

**I.　INTRODUCTION**

Before the Court is Defendant BDG Media, Inc.'s ("Defendant") motion for attorneys' fees and costs. (Dkt. No. 47.) Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") filed an opposition (Dkt. No. 53), and Defendant filed a reply (Dkt. No. 58.) The Court found this matter suitable for decision without oral argument and took Defendant's motion under submission. (Dkt. No. 59.) For the reasons stated below, the Court **DENIES** Defendant's motion for attorneys' fees and costs.

**II.　BACKGROUND**

　　**a.　Plaintiff's complaint**

On May 30, 2019, Plaintiff filed its complaint alleging that Defendant infringed Plaintiff's copyright. (Dkt. No. 1) In its complaint, Plaintiff alleged that Defendant

1.

misappropriated photos owned by Plaintiff by placing them on Defendant's website without Plaintiff's permission. (*Id.* ¶¶ 18–19, 25.) Plaintiff accordingly brought suit seeking injunctive and monetary relief. (*Id.* ¶¶ 30–31.)

### b. Defendant's motions to dismiss Plaintiff's complaint and Plaintiff's First Amended Compliant

On July 29, 2019, Defendant moved to dismiss Plaintiff's copyright infringement claim on the ground that it was time-barred. (Dkt. No. 17 at 5-6.) The Court granted Defendant's motion, and gave Plaintiff leave to amend its complaint. (Dkt. No. 27.) Plaintiff filed its First Amended Complaint on December 12, 2019, and Defendant similarly moved to dismiss Plaintiff's First Amended Complaint on statute of limitations grounds. (Dkt. Nos. 35, 38.) On February 26, 2020, the Court granted Defendant's motion to dismiss Plaintiff's First Amended Complaint without leave to amend, concluding that Plaintiff's copyright infringement claim was time-barred. (Dkt. No. 45.) Defendant now moves to recover attorneys' fees and costs pursuant to 17 U.S.C. § 505. (Dkt. No. 47.)

## III. LEGAL STANDARD

Under the Copyright Act, the Court has the discretion to award reasonable attorneys' fees and costs to the prevailing party. *See* 17 U.S.C. § 505. In deciding whether to award attorneys' fees under the Copyright Act, "[c]ourts may consider but are not limited to five factors . . . (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) objective reasonableness of the losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *See Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n.*, 953 F.3d 638, 653 (9th Cir. 2020) (alterations and internal quotation marks omitted). Although "objective reasonableness carries significant weight, courts must view all of the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1989 (2016). However, when a party prevails on a technical defense—such as the statute of

limitations—rather than the merits of an infringement claim, "a fee award is less justified." *See Tresóna*, 953 F.3d at 653 (citing *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996)).

## IV. DISCUSSION

### a. Degree of success obtained

First, with respect to the degree of success obtained, Defendant contends that it obtained complete success in defending against Plaintiff's copyright infringement claim, and that this factor should accordingly weigh strongly in favor of awarding attorneys' fees. (*See* Dkt. No. 47 at 7.) However, the Court's rulings based on the statute of limitations did not address the merits of Plaintiff's copyright infringement claim. (*See* Dkt. Nos. 34, 45.) Because "a fee award is less justified when copyright defendants do not . . . reach the merits, prevailing instead on technical defenses," *Tresóna*, 953 F.3d at 653, the degree of success obtained by Defendant weighs against an award of attorneys' fees.

### b. Frivolousness and objective reasonableness

Second, with respect to the frivolousness and objective reasonableness of Plaintiff's position, "[a] claim is frivolous when it is clearly baseless and involves fantastic or delusional scenarios." *See Epikhin v. Game Insight N. Am.*, No. 14-CV-04383-LHK, 2016 WL 1258690, at * 6 (N.D. Cal. Mar. 31, 2016) (internal quotation marks omitted). By contrast, "a claim is objectively unreasonable where the party advancing it 'should have known from the outset that its chances of success . . . were slim to none.'" *See Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2015 WL 1746484, at *11 (C.D. Cal. Mar. 24, 2015) (quoting *SOFA Entmt., Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013)). The fact that a party's position is unsuccessful is insufficient to conclude that it was frivolous or objectively unreasonable. *See Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013).

3.

Here, Plaintiff's suit was not "a close and difficult case[.]" *See Seltzer*, 725 F.3d at 1181. Rather, both Plaintiff's complaint and its First Amended Compliant failed to allege plausible facts justifying application of the delayed discovery rule. (*See* Dkt. Nos. 34, 45). Given the three-year statute of limitations for civil actions under the Copyright Act, *see* 17 U.S.C. § 507(b), Plaintiff should have known that failing to allege facts demonstrating application of the delayed discovery rule rendered its chances of success "slim to none." *See SOFA Entmt.*, 709 F.3d at 1280. Accordingly, because Plaintiff's position was objectively unreasonable, this factor weighs in favor of awarding attorneys' fees.

### c. Motivation and need to advance considerations of deterrence and compensation

Third, with respect to Plaintiff's motivation and the need to advance considerations of deterrence and compensation, "[b]ad faith in asserting a copyright claim, while not a necessary prerequisite to an award of fees, is a factor taken into consideration in evaluating whether a fee award is appropriate." *See Baker v. Baker*, No. 16-cv-08931 VAP (JPRx), 2018 WL 6190597, at *7 (C.D. Cal. Aug. 31, 2018). "A finding of bad faith can be based on both the conduct during the litigation as well as the actions that led to the lawsuit." *Id.* Here, Defendant contends that Plaintiff litigated this case in bad faith because Plaintiff reasserted its copyright infringement claim after the Court granted Defendant's first motion to dismiss with leave to amend. (Dkt. No. 47 at 9–10.) Although Plaintiff failed to cure the deficiencies in its complaint that the Court identified, there is no indication that this failure came as a result of Plaintiff's bad faith, as opposed to the hurdles posed by the Copyright Act's statute of limitations. Further, although Defendant contends that Plaintiff unnecessarily forced Defendant to defend itself for almost one year, Plaintiff correctly argues in opposition that the delays in resolving this case were largely the result of stipulations between the parties. (*See* Dkt. Nos. 16, 24, 36, 39, 55.) Finally, Defendant's statement that Plaintiff is a "copyright trolling operation" that has filed 73

4.

lawsuits does not weigh in favor of awarding fees, as Plaintiff argues that it is the creator and rights-holder of thousands of photographs, many of which may have been posted online without Plaintiff's permission. *See Epikhin*, 2016 WL 1258690, at *9 (noting that the Copyright Act furthers its purpose of encouraging the production of original works "by incentivizing plaintiffs to protect their copyrights[.]") Accordingly, Plaintiff's motivation and the need to advance considerations of deterrence and compensation do not weigh in favor of an award of attorneys' fees.

      **d.**     **Purposes of the Copyright Act**

Finally, with respect to whether Defendant's successful defense furthered the purposes of the Copyright Act, "[t]he primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524 (1994). Here, Defendant prevailed not on the basis of a substantive defense to the merits of Plaintiff's claim, but rather on a technical statute of limitations defense. Defendant makes no showing as to "how invalidating [Plaintiff's] [copyright infringement claim] on technical grounds serves to 'encourage the production' of creative works." *See Epikhin*, 2016 WL 1258690, at *9. In resolving this suit, "[t]he Court made no determination whether Plaintiff[] ha[s] a valid copyright or whether Defendant[] infringed that copyright." *Id.* Accordingly, because Defendant has not shown that its success on technical grounds furthers the purposes of the Copyright Act, this factor weighs against awarding attorneys' fees.

      **e. Balancing the factors**

Weighing the totality of the circumstances, the Court concludes that this is not a case where an award of attorneys' fees is warranted. Although Plaintiff's litigation position was objectively unreasonable, a factor that carries "significant weight," *see Kirtsaeng*, 136 S. Ct. at 1989, Defendant prevailed on entirely technical grounds, leaving the merits of Plaintiff's infringement claim untouched. Additionally, there is

no evidence that Plaintiff brought suit in bad faith, or that an award of attorneys' fees is necessary to deter future unmeritorious litigation. Finally, Defendant has made no showing that an award of fees would further the purposes of the Copyright Act by encouraging the production of creative works.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: April 24, 2020   _____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE