UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 19-4716-AB (KSx)                                            Date: November 3, 2021

Title  *Michael Grecco Productions, Inc. v. BDG Media Inc. et al.*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | XTR-11/03/2021 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Stephen M. Doniger | Bradley J. Mullins |
| Kelsey Marie Schultz | Albina Gasanbekova |

**Proceedings:  ORDER RE:  PARTIES' LETTER BRIEFS ON DEFENDANT'S REQUESTS FOR PRODUCTION NOS. 8, 10, AND 11 (Dkt. Nos. 87, 88)**

Case called.  The parties stated their appearances.  The Court heard oral argument on the parties' dispute concerning Defendant BDG Media Inc.'s ("Defendant") Requests for Production of Documents ("RFPs") Nos. 8, 10, and 11, following a pre-motion discovery conference held with the Court on October 25, 2021.  (*See* Dkt. No. 85.)

In response to the Court's October 25, 2021 Order, Defendant submitted a Letter Brief on November 1, 2021 ("Deft's Letter Br." (Dkt. No. 87)) in support of its request for an order compelling Plaintiff to produce documents in response to Defendant's RFP Nos. 8, 10, 11, and on the same date, Plaintiff Michael Grecco Productions, Inc. d/b/a Michael Grecco Photography, Inc. ("Plaintiff") submitted a Letter Brief ("Pltf's Letter Br." (Dkt. No. 88)) opposing Defendant's request.  No reply briefs were required.

### RELEVANT BACKGROUND

Plaintiff commenced this copyright infringement action on May 30, 2019.  (Dkt. No. 1.)  Plaintiff "is a professional media and photography company run by renowned celebrity photographer Michael Grecco."  (Complaint at 2, ¶ 9.)  The Complaint alleges that Plaintiff holds exclusive rights and a registered copyright to "a photograph taken by Grecco of actors Gillian

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-4716-AB (KSx)                                                      Date: November 3, 2021

Title       *Michael Grecco Productions, Inc. v. BDG Media Inc. et al.*

Anderson and David Duchovny who starred on the hit television show The X-Files (the 'X-Files Image')."[1] (*Id.* at 3, ¶¶ 13, 15.) Defendant owns the website, www.bustle.com. (*Id.*, ¶ 17.)

Plaintiff alleges that "[o]n or about January 2019, [Plaintiff] discovered his X-Files Image being used on Defendant's Website" in an article about the planned return of the X-Files television program. (*Id.*, ¶ 18.) In February 2019, Plaintiff "discovered a second article on Defendant's Website[.]" (*Id.* at 4, ¶ 19.) The two articles displayed the infringing X-Files Image. (*Id.*, ¶ 21.) Plaintiff seeks injunctive relief and statutory damages. (*Id.* at 5.)

On February 26, 2020, the Honorable André Birotte Jr., granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, finding Plaintiff's claim based on the Flashlight Photo time-barred and concluding that Plaintiff had not plead facts sufficient to support application of the delayed discovery rule for the allegedly infringing articles that displayed the Flashlight Photo. (Dkt. No. 45 at pp. 5-9.) Plaintiff appealed the district court's judgment of dismissal. (Dkt. No. 49.) On January 25, 2021, the Ninth Circuit Court of Appeals issued a Memorandum decision reversing the judgment of dismissal with respect to the application of the discovery rule, finding Plaintiff's "allegations suffice to survive a motion to dismiss with respect to the Flashlight Photo." (Dkt. No. 65 at p. 2; *see also Michael Grecco Prods., Inc v. BDG Media, Inc.*, 834 F. App'x 353, 354 (9th Cir. 2021).)

Following remand, discovery in the case has been bifurcated, with the first portion of discovery focused on Plaintiff's discovery of the allegedly infringing conduct. Defendant maintains that Plaintiff should have discovered the articles containing the infringing image before 2019, some four years after the articles were published. (Deft's Letter Br. at 1.) Plaintiff objects that the RFPs are improper and overbroad, seeking information neither relevant to the claims and defenses at issue nor proportionate to the needs of the case. (Pltf's Letter Br. at 2-3.) November 22, 2021 is the deadline to complete discovery relating to the statute of limitations defense. (Dkt. No. 70 at p. 8.)
/ /
/ /

---

[1] The "X-Files Image" is also referred to by the parties as the "Flashlight Photo" as it is an image where actor David Duchovny is holding a flashlight shining above his head as the two actors stand side-by-side. (*See* First Amended Complaint at Ex. A (Dkt. No. 35-1).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-4716-AB (KSx)                                         Date: November 3, 2021

Title   *Michael Grecco Productions, Inc. v. BDG Media Inc. et al.*

**DISPUTED DISCOVERY REQUESTS AND RESPONSES**

**RFP NO. 8**:  All DOCUMENTS produced or received by YOU in any threatened and/or filed lawsuit involving any of PLAINTIFF's X-Files photographs where YOU have relied on the discovery rule in such lawsuit.

Response to RFP No. 8:  Plaintiff objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent the request seeks "All DOCUMENTS produced or received by YOU in any threatened and/or filed lawsuit", and to the extent that producing "all" of the foregoing is not relevant to the statute of limitations issue in this case, i.e., when Plaintiff knew or had any reason to know about the uses of the images at issue by Defendant. Plaintiff further objects to this request as unintelligible as the terms "received by YOU," "threatened," and "X-Files photographs" are vague, ambiguous, and/or undefined and thus requires Plaintiff to speculate as to Defendant's intended meaning.  Plaintiff further objects to this request to the extent it seeks information protected from disclosure by attorney-client privilege and/or work-product protection. Plaintiff further objects to this request to the extent it calls for the production of confidential, trade secret information, including but not limited to the confidential information of other persons or entity.

**RFP NO. 10:**  ALL DOCUMENTS related to YOUR first awareness of the publicity and promotional editorial uses of any of PLAINTIFF's X-Files photographs in the media, INCLUDING the photographs at issue in this ACTION.

Response to RFP No. 10:  Plaintiff objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent the request seeks "All DOCUMENTS related to YOUR first awareness of the publicity and promotional editorial uses of any of PLAINTIFF's X-Files photographs in the media," and to the extent that producing "all" or "any" of the foregoing is not relevant to the statute of limitations issue in this case, i.e., when Plaintiff knew or had any reason to know about the uses of the images at issue by Defendant. Plaintiff further objects to this request as unintelligible as the terms "awareness," "publicity," "promotional," "editorial," and "photograph at issue" are vague, ambiguous, and/or undefined and thus requires Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-4716-AB (KSx)                                        Date: November 3, 2021

Title    *Michael Grecco Productions, Inc. v. BDG Media Inc. et al.*

to speculate as to Defendant's intended meaning. Plaintiff further objects to this request to the extent it seeks information protected from disclosure by attorney-client privilege and/or work-product protection. Plaintiff further objects to this request to the extent it calls for the production of confidential, trade secret information, including but not limited to the confidential information of other persons or entity.

**RFP NO. 11**: ALL DOCUMENTS related to any third-party use of any of PLAINTIFF's X-Files photographs for publicity and advertising purposes.

Response to RFP No. 11:  Plaintiff objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent the request seeks "All DOCUMENTS related to any third-party use of any of PLAINTIFF's X-Files photographs," and to the extent that producing "all" and "any" of the foregoing is not relevant to the statute of limitations issue in this case, i.e., when Plaintiff knew or had any reason to know about the uses of the images at issue by Defendant. Plaintiff further objects to this request as unintelligible as the terms "publicity and advertising purposes" are vague, ambiguous, and/or undefined and thus requires Plaintiff to speculate as to Defendant's intended meaning. Plaintiff further objects to this request to the extent it seeks information protected from disclosure by attorney-client privilege and/or work-product protection. Plaintiff further objects to this request to the extent it calls for the production of confidential, trade secret information, including but not limited to the confidential information of other persons or entity.

## LEGAL STANDARD

A party may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case.  FED. R. CIV. P. 26(b)(1). Relevant information need not be admissible to be discoverable.  *Id.*

District courts have broad discretion in controlling discovery.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  When considering a motion to compel, the Court has similarly broad discretion in determining relevancy for discovery purposes.  *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (*citing Hallet*, 296 F.3d at 751).  In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 19-4716-AB (KSx)                                           Date: November 3, 2021

Title    *Michael Grecco Productions, Inc. v. BDG Media Inc. et al.*

resolving discovery disputes, the court may exercise its discretion in "determining the relevance of discovery requests, assessing oppressiveness, and weighing [Rule 26 factors] in deciding whether discovery should be compelled." *Unilin Beheer B.V. v. NSL Trading Corp.*, No. CV 14-2210-BRO (SSx), 2015 WL 12698382, at *4 (C.D. Cal. Feb. 27, 2015) (citing *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 558 (D. Conn. 2006) (internal quotation marks omitted)).

**DISCUSSION**

After hearing the arguments and statements of counsel at the hearing, the Court concludes that while RFP Nos. 8, 10, and 11 seek some information that is relevant and proportionate to the statute of limitations defense in this case, the requests as drafted are vastly overbroad both with respect to subject matter and temporal scope.  Indeed, during oral argument, Defendant's counsel conceded that RFP No. 8 was "probably broader than intended."  Further, the Court concurs with Plaintiff's objections that to the extent the RFPs seek "ALL DOCUMENTS", each of the RFPs seek information that is neither relevant to the claims and defenses at issue in the case nor proportionate to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Consequently, after discussion with the parties, Defendant's request is granted in part and denied in part.  Defendant's request is granted to the extent that the parties have agreed that the disputed RFPs are narrowed as outlined below.

RFP No. 8:  This request will be limited to the approximately six (6) separate actions that pertain to the <u>one Flashlight Photograph</u> that is the subject of this action.  Further, the responsive information to be produced is limited to those documents from the prior actions that directly pertain to or reflect Plaintiff's assertion of the discovery rule defense in those lawsuits, including written discovery responses and/or deposition testimony.

RFP No. 10:  Plaintiff shall produce documents <u>sufficient to show</u> Plaintiff's first awareness of media use of the X-Files photograph from the first photo shoot that included the subject Flashlight photograph.  If Plaintiff cannot locate any such documents in its possession, custody, or control, Plaintiff will provide a supplemental written response confirming that fact after a reasonable and diligent search.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 19-4716-AB (KSx)                  Date: November 3, 2021

Title     *Michael Grecco Productions, Inc. v. BDG Media Inc. et al.*

       RFP No. 11: Plaintiff shall produce the reports of its search results used to identify unauthorized uses of the subject X-Files photograph for the period 2012 to the date of the discovery at issue in this case.

       **Plaintiff shall produce the responsive materials consistent with RFP Nos. 8, 10, and 11 as narrowed above within ten (10) days of the date of this Order.**

**IT IS SO ORDERED.**

                                                          41 : mins

                                   **Initials of Preparer**    gr